Jack WEIT et al., Plaintiffs,

v.

CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST COMPANY OF CHICAGO, a corporation et al., Defendants.

No. 70 C 1926.

United States District Court, N. D. Illinois, E. D.

Aug. 3, 1973.

**6**

James E. Beckley, Roan & Grossman, Chicago, Ill., for plaintiffs.

Bryson P. Burnham, Mayer, Brown & Platt, Chicago, Ill., for defendant Continental Bank.

Keehn Landis, Chapman & Cutler, Chicago, Ill., for defendant Harris Bank.

Jerald Paul Esrick, Wildman, Harrold, Allen & Dixon, Chicago, Ill., for defendant Pullman Bank.

James W. Hathaway, Winston & Strawn, Chicago, Ill., for defendant Central Bank.

Carl S. Lloyd, Kirkland & Ellis, Chicago, Ill., for defendant American Bank.

## DECISION ON MOTION TO CERTIFY PLAINTIFF CLASS

McMILLEN, District Judge.

This case comes on to be heard on the named plaintiffs' motion to certify the plaintiff class. This class is alleged to be composed of all persons who held Midwest Bank Cards or Interbank-Mastercharge Cards during the August, 1970 billing cycle. Plaintiffs have also filed a motion to strike discussion of factual matters in defendants' brief in opposition to the motion to certify. A purported defendant class consists of all member banks in these charge card systems, but no motion has been filed with respect to this class.

At the outset, a pleading deficiency should be noted. When the plaintiffs' motion was originally filed on February 22, 1973, it was attached to a brief which was stricken because it exceeded the 15 page limit permitted by Local Rule 9(d). Plaintiffs then filed a proper brief on March 1, 1973 but without a motion. The parties thereupon proceeded to complete briefing on a motion which was not of record. We hereby grant plaintiffs leave to file a motion to determine a plaintiff class or classes, *nunc pro tunc* February 22, 1973, either in the original form or modified to conform with this Decision.

The Third Amended Complaint is filed on behalf of more than 3,000,000 cardholders. It charges various conspiracies or combinations in restraint of trade in six counts, all allegedly in violation of Sections 1 and 2 of the Sherman Anti-Trust Act, 15 U.S.C. §§ 1, 2. The six counts aggregate a claim for treble dam-

ages totalling $3,600,000,000, as well as seeking injunctive relief. All the elements required by F.R.Civ.P. 23(a) and (b) are conclusionally alleged.

The plaintiffs' class is defined in paragraph 2 of the complaint as follows:

2. For purposes of this litigation, "Plaintiffs' class" consists of Plaintiffs and all persons and business entities issued a bank credit card which had a billing address in Illinois by any members of Defendants' class, which persons and business entities held an active Midwest Bank Card System, Inc., or Interbank-Mastercharge, Inc., bank credit card account during the August, 1970, billing cycle.

As to Rule 23(a), the class is obviously so numerous that joinder is impractical. Common questions of law and fact are presented. The named plaintiffs appear to fairly and adequately represent the class. There is a question, however, as to whether the named plaintiffs' claims are typical. Defendants argue that the alleged class is both too large, because it attempts to include cardholders who never paid a finance charge, and too small, because it does not include all persons who have paid prices for goods inflated by the conspiracies alleged under Counts V and VI.

██ The purported plaintiff class is not too small. A named plaintiff is not required by Rule 23 to represent a group of claimants of which he is not a member merely because that group may have suffered injury at the hands of the defendant. It is fundamental that a named plaintiff brings suit only on behalf of those who are similarly situated to himself.

██ The alleged class is too large, however. Counts I through IV of the Third Amended Complaint charge conspiracies to fix interest rates charged to cardholders. If a cardholder never paid a finance charge to defendants because he paid all amounts due when first billed for them, he clearly suffered no injury from the alleged conspiracies and has no claim.* As far as Counts I through IV are concerned, therefore, the plaintiff class must be limited to those cardholders who incurred finance charges. It is not alleged that the named plaintiffs themselves ever incurred finance charges, but this defect can presumably be considered on an appropriate motion.

Counts V and VI charge conspiracies to fix discount rates charged by defendants to merchants who participated in the credit card systems. The damages allegedly resulting from these conspiracies is that the merchants raised their prices. All cardholders who made purchases may have suffered damages under these counts, whether they incurred a finance charge or not, but a mere "cardholder" who made no purchases would have no claim. Thus at the outset we encounter two different groups of claimants, one under Counts I through IV and another under Counts V and VI.

██ With respect to Rule 23(b), only one of the three subparagraphs need be satisfied. We believe subparagraph (b)(1) is restricted to its literal meanings, and thus the risks specified therein are not serious in the case at bar. Cf. Eovaldi v. First National Bank of Chicago, 57 F.R.D. 545, 547 (N.D.Ill.1972). Subparagraph (b)(2) is also not satisfied. In a case where a potential of $3.6 billion damages is involved, injunctive or declaratory relief is not the gravamen of the action and is probably superfluous. With respect to subparagraph (b)(3), it is clear that the common questions of law and fact in this antitrust action predominate. Questions affecting individual members only would mostly involve the amount of damages owed to each plaintiff. The superiority of the class action procedure is self-evident.

Defendants contend, however, that the class is unmanageable because there

---

* The court is a member of this group.

**8**

would be thousands of compulsory counterclaims against class members whose accounts have unpaid balances. F.R.C.P. 13(a) requires that a counterclaim must be pleaded against an "opposing party" if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim". Any unpaid balances clearly arise out of the transactions which are the subject matter of plaintiffs' claims. The issue to be resolved is whether all class members are "opposing parties" within the meaning of Rule 13. Some courts are of the opinion that class members are "parties". See Rodriquez v. Family Publications Service, Inc., 57 F.R.D. 189, 193 (C.D.Cal.1972); Cotchett v. Avis Rent A Car System, Inc., 56 F.R.D. 549, 552 (S.D.N.Y.1972). Other courts disagree. E. g., Donson Stores, Inc. v. American Bakeries Co., 58 F.R.D. 485, 489 (S.D. N.Y.1973). The Seventh Circuit has declined to rule on the exact status of class members in Brennan v. Midwestern United Life Ins. Co., 450 F.2d 999, 1004 (7th Cir. 1971), cert. den., 405 U.S. 921, 92 S.Ct. 957, 30 L.Ed.2d 792 (1972).

██ We believe the better view is that class members who file claims become "parties" (for the purpose of Rule 13(a)) and that compulsory counterclaims must then be filed against them or be barred. We find nevertheless that the plaintiff classes are not rendered unmanageable by such counterclaims. In the case at bar, they would consist solely of liquidated amounts owed by class members on their delinquent accounts. These could best be ascertained from the defendants' own records. Few class members would be expected to contest either the fact of liability or the amount owed. This court would not be transposed into a vast "collection agency" as defendants suggest, because if a counterclaim exceeded a class member's damages, the pertinent defendant would merely be in possession of a judgment for the difference, which it would then be able to enforce by normal procedures.

The case at bar is distinguished from the *Cotchett* case, supra, where many different kinds of counterclaims would have had to be filed against car rental customers, subject to numerous individual defenses. See 56 F.R.D. at 552.

The class of all cardholders for Counts V and VI raises a question of manageability which has not been briefed by the litigants. In addition to the difficult problem to prove that the allegedly conspiratorial discount rates caused nonparty merchants to raise their prices on thousands of different items, there is the problem of proving what items the class members purchased from the merchants, and at what prices. Items which were purchased by charging them to class members' accounts may or may not appear in the defendants' records. The Complaint is not limited to those items, however. The allegations in Counts V and VI cover all purchases by cardholders at artifically high prices from participating merchants, including cash purchases. The question then arises why plaintiffs should not also represent non-cardholders who purchased at the allegedly inflated prices.

██ The magnitude of proof on Counts V and VI appears unmanageable at this stage of the proceedings, so a plaintiff class for Counts V and VI will not be certified. F.R.C.P. 23(b)(3)(D). Cf. United Egg Producers v. Bauer International Corp., 312 F.Supp. 319 (S. D.N.Y.1970); City of Philadelphia v. American Oil Co., 53 F.R.D. 45, 68–74 (D.N.J.1971).

As is demonstrated by the foregoing discussion, determinations of fact play little part in a pre-trial class certification. Cf. Eisen v. Carlisle & Jacquelin, 479 F.2d 1005 at pp. 1015, 1016 (2d Cir., 1973). The factual matters discussed in defendants' opposition brief were largely surplusage for the purposes of the class motion but provided useful background information. We therefore find no need to strike any of that discussion.

It is hereby ordered, adjudged and decreed that a plaintiff class is certified for Counts I through IV of the Third Amended Complaint in the form alleged in paragraph 2 thereof (supra, pp. 2–3), amended to be limited to those persons who have incurred finance charges. It is further ordered that the plaintiffs' motions to certify a plaintiff class with respect to Counts V and VI and to strike portions of defendants' brief are denied.

