George PARR and Agnes C. Parr, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

THORP CREDIT, INC., et al., Defendants.

Civ. No. 73-9-2.

United States District Court, S. D. Iowa, C. D.

Jan. 14, 1977.

128

Everett Meeker and Craig Arbuckle of Livingston, Day, Kehoe, Meeker & Bates, Washington, Iowa, and Earl O. Wright, Kalona, Iowa, for plaintiffs.

Donald A. Wine and William King of Thoma, Schoenthal, Davis, Hockenberg & Wine, Des Moines, Iowa, and Harold P. Thomson, Richard C. Ninneman, Edward J. Heiser, Jr., George E. Garvey of Whyte & Hirschboeck, Milwaukee, Wis., for defendants.

## ORDER

HANSON, Chief Judge.

The Court has before it defendants' August 13, 1976 motion to reconsider the Court's December 18, 1974 Order permitting plaintiffs to maintain the above-entitled case as a class action pursuant to Rule 23(b)(3), Federal Rules of Civil Procedure. Specifically, the action being at that stage where class notice had been approved but not sent, defendants urged that the time was appropriate to reconsider certification in light of the issues raised by a recent federal court ruling in Georgia, *Mims v. Dixie Finance Corp.*, 426 F.Supp. 627 (N.D.Ga., 1976). Plaintiffs thereafter filed a resistance to said motion. On November 22, 1976, the Court, which had earlier indicated its willingness to review the class action status, heard oral argument on this matter.

The issue of foremost concern is whether the *Mims* decision with respect to counterclaims in Truth-In-Lending Act (TILA) suits dictates that the pending class action should be decertified. In *Mims*, the District Court for the Northern District of Georgia, sitting en banc, adopted the opinion of Special Master and Bankruptcy Judge Cohen, which held that a defendant's counterclaim to recover the balance owing on a credit account is "compulsory" when asserted in a TILA case. *See* F.R.Civ.P. 13(a). Extrapolating from the *Mims* rationale, defendants argue that compelled to assert their claims as against all defendant accounts, this suit will become too unwieldly to maintain as a manageable class action. Defendants submit an affidavit indicating that counterclaims, counterclaims rooted in state debt law, would be necessitated against approximately 6,400 members of the 179,000 to 199,000 member class. Plaintiffs, nevertheless, retort that the possible complexity introduced by compulsory counterclaims is in itself an insufficient ground for decertification.

In taking this matter under consideration, the Court has surveyed those cases which have confronted the problem of counterclaims in TILA or credit-related actions. Such a survey reveals that courts have taken a number of approaches to this problem, approaches differing from that of the *Mims* court. A sampling of these approaches is noted for purposes of providing the framework in which this Court makes it decision.

Several courts would concur with *Mims* to the extent that state debt actions against delinquent accounts should be deemed compulsory counterclaims in TILA suits. In *Rollins v. Sears, Roebuck & Co.*, 71 F.R.D. 540 (E.D.La., 1976), Chief Judge Heebe, though not reaching the decertification result urged upon this Court, did permit only those against whom there was no counterclaims to maintain the class action.

Those members of a class who have state law [compulsory] counterclaims against them must be excluded from the class so that common questions of law and fact will predominate and so that the class action device is the superior method of adjudication under Rule 23(b)(3). *Rollins, supra.*

While not doubting that named plaintiffs with delinquent accounts were subject to apparent compulsory counterclaims, Judge Bauman, who upheld class manageability in *Donson Stores, Inc. v. American Bakeries Co.*, 58 F.R.D. 485, 489 (S.D.N.Y.1973), concluded that there were no other counterclaims since unnamed class members are not "opposing parties" for purposes of Rule 13. Judge Johnson and Judge McMillen, in *Partain v. First National Bank of Montgomery*, 59 F.R.D. 56 (M.D.Ala.1973) and *Weit v. Continental Illinois National Bank & Trust Co. of Chicago*, 60 F.R.D. 5 (N.D.Ill. 1973), respectively, would support the position taken herein by the plaintiffs. State debt claims may be compulsory pursuant to Rule 13, but that alone is an insufficient reason for not allowing a class action to proceed.

> The potential assertion of counterclaims against these few members of the proposed class cannot be allowed to defeat an otherwise valid class action when to do so would effectively deprive thousands of class members of the relief to which they are entitled. *Partain*, 59 F.R.D. at 59.

Not all courts, however, would agree that a defendant's counterclaim to recover the balance owing on a credit account is "compulsory" within the meaning of Rule 13(a). Indeed, in *Roberts v. National School of Radio & Television Broadcasting*, 374 F.Supp. 1265 (N.D.Ga.1974), Chief Judge Edenfield, though he subsequently reversed his position in *Mims*, initially determined that a defendant's claim to recover a balance owing was a Rule 13(b) "permissive" counterclaim over which the federal court had neither independent nor ancillary jurisdiction. *Roberts*, at 1271. Several federal judges have since reached the same conclusion. *See Agostine v. Sidcon Corp.*, 69 F.R.D. 437 (E.D.Pa.1975); *Shriver v. Sears, Roebuck & Co.*, Civ. No. 75–676 (W.D.Pa. January 16, 1976); *Bloomer v. Household Consumer Discount Co.*, Civ. No. 75–1023 (W.D.Pa. January 19, 1976); *Zeltzer v. Carte Blanche Corp.*, 414 F.Supp. 1221 (W.D.Pa.1976). In *Zeltzer*, the most recent of the Pennsylvania cases to find state claims in TILA suits to be permissive, Judge Teitelbaum bottomed his opinion both on "conventional analysis" and policy considerations. Verifying the permissive nature of the counterclaims under traditional testing standards,[1] Judge Teitelbaum asserted that TILA claims and state debt claims involved different legal issues and distinct factual questions. They may be " 'offshoots' of the same basic transaction, but not the 'same basic controversy between the parties.' " *Zeltzer*, at 1224. Also, from a policy standpoint, the *Mims* decision that such counterclaims were compulsory and subject to federal jurisdiction was "unfortunate":

> . . . [If] accepted, [it] would operate to open the federal courts to a flood-tide of debt collection counterclaims involving 'questions of no federal significance.' Such claims are controlled entirely by state law, and the state should have the right to determine them without federal intervention. *Zeltzer*, at 1225.

The Judge concluded:

> In an era appreciative of the salutary effects of limited federal judicial and governmental intrusion into state affairs, *Mims* endorses the broad exercise of federal jurisdiction, and thus federal power, solely to gain what amounts to little more than adjudicatory tidiness. *Id.*

After giving the problem of counterclaims in TILA actions careful consideration, this Court has concluded that *Roberts* and the recent Pennsylvania cases are correct in finding such claims to be "permissive" pursuant to Rule 13. This being so, the Court sees no need to reiterate the analysis and arguments that were developed in those cases. The Court, however, would offer two clarifying remarks. First, concluding that defendants' counterclaims are permissive because they involve differ-

---

1. These standards are more clearly delineated and applied in *Roberts, supra*, and *Agostine, supra.*

ent issues of fact and law is consistent and in furtherance of this Court's Order of October 24, 1973, wherein plaintiffs' request that pendent jurisdiction be exercised over certain state claims was denied. At *defendants'* insistence, the Court then ruled that a number of state statutory and common law claims, owing to their different factual and legal nature, should be left to the state courts for determination.

The Court, secondly, would add that it does not adopt the "permissive" finding merely out of a desire to preserve the *status quo* of the pending action. If defendants' counterclaims were in fact compulsory, the Court would pursue those decisions which have not permitted such counterclaims to deter class actions. *See Partain, supra*; *Weit, supra*; *Haynes v. Logan Furniture Mart, Inc.*, 503 F.2d 1161, 1165 (7th Cir. 1974). It is truly the nature and not the number of counterclaims that the Court has found disturbing.

■ Having denominated counterclaims against delinquent accounts as "permissive" within the meaning of Rule 13(b), the Court, without apparent independent federal jurisdiction, would be required to dismiss such claims without prejudice. But whereas manageability of the pending action remains unaffected by the possible filing of counterclaims, notice may not. Despite the counterclaims' permissive nature, the Court believes class members should perhaps be aware that a TILA action does not void the possibility of a state court action for any underlying debt obligation. The Court will await the parties' suggestions as to whether such warning should be given and, if so, how it might best be implemented in the approved notice form.

Denominating counterclaims as permissive also resolves another issue that defendants raised by way of the *Mims* decision. Defendants had argued that since the named plaintiffs are delinquent in their account, they could not adequately represent the non-delinquent class members. However, with possible delinquency action delegated to state court, the Parrs' claims in this Court will be the same as those of the remaining class members.

■ Finally, the Court sensed at oral argument that defendants' underlying complaint was simply that the nature of TILA suits is such that class actions should not be permitted. The propriety of class actions in TILA suits has been previously addressed by the Court in its December 19, 1973 certification order, and it sees no reason for rehashing that discussion. In fact, the TILA damage amendments of 1974, to which this action is subject, have since made clear that TILA suits can be maintained as class actions. *See Pastow v. Oriental Building Association*, 390 F.Supp. 1130 (D.D.C.1975); *Fitzgerald v. Northeastern Hospital of Philadelphia*, 418 F.Supp. 1041 (E.D.Pa.1976); 15 U.S.C.A. § 1640(a), *as amended*, (Supp. I, 1975) and legislative comment thereto, "Determination of Liability Prior to Oct. 28, 1974."[2]

Accordingly, for all of the foregoing reasons,

IT IS HEREBY ORDERED that defendants' motion to reconsider the class action status of the above-entitled case is denied.

IT IS FURTHER ORDERED that the parties have thirty (30) days from the receipt of this Order to submit suggestions as to how class members should be notified, if at all, that the pending action does not void the possibility of state actions on the delinquent accounts.

---

2. The Court parenthetically notes that it has found nothing in the record to indicate that the complaint has been amended to conform with the new damage provisions. For purposes of keeping this already rather complex record current, an amendment might best be offered before this action proceeds beyond its present stage.