**Aquilio C. AGLIAM, Salve Agliam**

v.

**OHIO SAVINGS ASSOCIATION**

v.

**The CUYAHOGA COUNTY RECORDER, The Cuyahoga County Treasurer.**

**Civ. A. No. C 83–1245.**

United States District Court, N.D. Ohio, E.D.

Sept. 12, 1983.

**146**

Donald H. Powers, Kelley, McCann & Livingstone, Cleveland, Ohio, for plaintiffs.

Robert C. Tucker, Ralph P. Sobieski, Asst. Pros. Atty., Cleveland, Ohio, for defendants.

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

Pending before this Court is the Agliams' Motion to Dismiss defendant Ohio Savings Association's counterclaim for the balance due on a promissory note. Upon consideration, the motion is granted.

The Agliams brought this action against the Ohio Savings Association for violations of §§ 226.17, 226.18, 226.19, and 226.20 of Regulation Z, of the Federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. Jurisdiction is predicated on 28 U.S.C. § 1337.

## FACTS

On or about August 12, 1978, Ohio Savings loaned $83,000 to the Agliams to finance the purchase of a residence. A graduated open-end mortgage note was executed by the Agliams, payable to Ohio Savings at an interest rate of 10¼% per year, subject to adjustments five years after the date of execution. On or about May 2, 1982, Ohio Savings unilaterally increased the interest rate charged on the loan by 2%, effective June 1, 1982, alleging that certain prior monthly payments on the loan had been late. The Agliams claim that Ohio Savings' increase in the interest rate constitutes a "refinancing" under § 226.20 of Regulation Z, and that no disclosure statements were provided as required by that section.

Ohio Savings now files a counterclaim to recover the balance due on the mortgage note. The sole issue in this matter is whether Ohio Savings' claim for the balance due on the loan is a compulsory, or a permissive, counterclaim to the Agliams' action for violations of the Truth in Lending Act.

## CONCLUSIONS OF LAW

■ The question of whether a claim such as Ohio Savings' is compulsory or permissive is one of first impression in this Circuit, and has received diverse treatment from a number of other courts. The Sixth Circuit determines whether a counterclaim "arises out of" a transaction by examining whether policies of judicial economy and complete justice will be served by entertaining the counterclaim, and whether a logical relationship exists between plaintiff's claim and the counterclaim. *City of Cleveland v. Cleveland Electric Illuminating Co.,* 570 F.2d 123 (6th Cir.1978). By using this standard, and after considering the rationale presented by each viewpoint, this Court chooses to follow the majority of those federal courts which have considered the question and which hold that a counterclaim to recover the balance due on a loan, brought in connection with a TILA action, is permissive in nature. *See Whigham v. Beneficial Finance Co. of Fayetteville, Inc.,* 599 F.2d 1322, 1323 (4th Cir.1979).

Federal Rule of Civil Procedure 13(a) provides that a counterclaim is compulsory "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim..." However, some implied exceptions have been recognized where literal application of the Rule under the circumstances of the case would not

accomplish its purpose, *i.e.,* to prevent multiplicity of actions and to achieve a just resolution in a single lawsuit of all disputes arising out of common matters. This Court finds that the reasoning and result in *Whigham, supra,* is consistent with Fed.R.Civ.P. 13 and the Sixth Circuit's interpretation of it. *See, City of Cleveland, supra.* In *Whigham,* as in this case, the debtors brought an action against the lender claiming that disclosures made to them did not comply with the Truth in Lending Act, and Regulation Z. The lenders then counterclaimed for the balance due on the loan. The *Whigham* court used a three part test to determine that the counterclaim was permissive rather than compulsory: (1) whether the lender's counterclaim raised issues of fact and law significantly different from those presented by the borrower's claim; (2) whether the evidence needed to support each claim differed; and (3) whether the claim and counterclaim were logically related. *Whigham, supra* at 1324.

This Court finds that Ohio Savings' counterclaim raises issues which are significantly different than the Agliams' TILA claim. The only question in the Agliams' suit is whether Ohio Savings made disclosures required by the federal statute and its regulations. Ohio Savings' counterclaim, on the other hand, requires the court to determine the contractual rights of the parties in accordance with state law. *Meadows v. Charlie Wood, Inc.,* 448 F.Supp. 717 (M.D.Ga. 1978).

It is clear that the evidence required to support each claim differs. The Agliams need only produce the loan documents for consideration in light of the federal requirements. Ohio Savings, however, must verify the obligation and prove a default of loan payments. *Zeltzer v. Carte Blanche Corp.,* 414 F.Supp. 1221 (W.D.Pa.1976).

Finally, this Court finds that the claim and counterclaim are not logically related. Ohio Savings' counterclaim alleges that the Agliams have defaulted on a private loan contract governed by state law. The Agliams' federal claim involves the same loan, but it does not arise from the obligations created by the contractual transaction. *Basham v. Finance America Corp.,* 583 F.2d 918 (7th Cir.1978); *Valencia v. Anderson Bros. Ford, Inc.,* 617 F.2d 1278 (7th Cir. 1980). *See also, Parr v. Thorp Credit, Inc.,* 73 F.R.D. 127 (S.D.Iowa 1977); *Jones v. Sonny Gerber Auto Sales, Inc.,* 71 F.R.D. 695 (D.Neb.1976); and *Bantolina v. Aloha Motors, Inc.,* 419 F.Supp. 1116 (D.Hawaii 1976).

Ohio Savings urges this Court to follow those courts which have found that counterclaims similar to the one at issue here are compulsory. Ohio Savings contends that the logical relation test clearly suggests that the counterclaim is compulsory in character because a single aggregate of operative facts, the loan transaction, gave rise to both the Agliams' and Ohio Savings' claims. *Plant v. Blazer,* 598 F.2d 1357 (5th Cir. 1979); *Rollins v. Sears, Roebuck and Co.,* 71 F.R.D. 540 (E.D.La.1976). This Court rejects Ohio Savings' argument noting that the only connection between a TILA claim and debt counterclaim is the execution of a loan document.

Moreover, while a TILA claim and a debt counterclaim may, in a technical sense, arise from the same loan transaction, the two claims bear no logical relationship to one another. A debt counterclaim has none of the characteristics associated with a compulsory counterclaim. *Whigham, supra* at 1323.

The bank also supports its position by claiming that judicial economy is furthered by a single presentation of facts, that "suits on notes will inevitably deal with the circumstances of the execution of the notes and any representation made to induce the borrowing." *See Plant, supra* at 1363. Ohio Savings further relies on the fact that resolution of the state law issues imposes little burden in fact because a judge determining the Truth in Lending claim must be well versed in state consumer credit transaction law and the only additional finding to be made in connection with the counterclaim is how much the plaintiff has paid. *Mims v. Dixie Finance Corp.,* 426 F.Supp. 627 (N.D.Ga.1976).

However, this Court is persuaded that no duplicative presentation of facts will result from denial of the counterclaim and that Ohio Savings' counterclaim will only unnecessarily complicate this TILA action. A TILA suit can often be resolved by an examination of the face of the loan document, presenting an appropriate case for summary judgment. A debt counterclaim, on the other hand, can raise a full range of state law contract issues which may be resolved only after trial. Thus, the judicial economy concerns underlying the decision in *City of Cleveland* can be thwarted by joinder of two essentially unrelated claims. *See, Valencia, supra* at 1291, citing *Ball v. Connecticut Bank & Trust Co.,* 404 F.Supp. 1, 4 (D.Conn.1975).

Finally, this Court declines to follow the Fifth Circuit's reasoning in *Plant v. Blazer, supra,* as Ohio Savings urges. Rather, a flexible application of the logical relationship test is appropriate in the instant case, where the sole connection between the Agliams' TILA claim and Ohio Savings' debt counterclaim is the initial execution of the loan document. This connection is so insignificant that compulsory adjudication of both claims in a single lawsuit will secure few, if any, of the advantages envisioned by Rule 13(a). *Valencia, supra* at 1291. Rather, this Court is persuaded that accepting Ohio Savings' debt counterclaim may obstruct, or unduly delay, the achievement of the goals of the Truth in Lending Act. We conclude that, if permitted in this case, a counterclaim to recover the balance due on the loan will turn a simple and expeditious TILA action into the morass of a mortgage foreclosure, a judicial function which properly belongs in state court. The counterclaim is found to be permissive, and the Agliams' motion to dismiss the defendant's counterclaim is hereby granted.

IT IS SO ORDERED.