See also 100 F.R.D. 468.

**M. BERENSON CO., INC., et al., Plaintiffs,**

**v.**

**FANEUIL HALL MARKETPLACE, INC., et al., Defendants.**

**Civ. A. No. 83–1944–MC.**

United States District Court, D. Massachusetts.

Dec. 18, 1984.

John M. Moran; Erik Lund, David J. Hatem, Posternak, Blankstein & Lund, Boston, Mass., for plaintiffs.

Stephen R. Delinsky, Michael J. Stone, Anthony M. Moccia, Fine & Ambrogne; William P. Stimson, Edward Lev, Sullivan & Worcester, Boston, Mass., for defendants.

## MEMORANDUM AND ORDER

McNAUGHT, District Judge.

The plaintiffs, M. Berenson Co., Inc., et al., have filed a motion, Docket No. 126, with this Court, pursuant to Fed.R.Civ.P. 23(d) and Fed.R.Civ.P. 42(b), for an order staying all proceedings, including discovery, with respect to any counterclaims against class members until after the adjudication of the plaintiffs' claims against the defendants, Faneuil Hall Marketplace, Inc., et al.

In support of their motion, the plaintiffs contend that separating the determination of liability from the determination of counterclaims will further efficiency and economy, the goals of class actions under Fed.R. Civ.P. 23. Subdivision (d) of Rule 23 authorizes the court to make appropriate orders in the conduct of class actions for "fair and efficient conduct of the action." Advisory Committee Note of 1966 to Rule 23(d). Subdivision (b) of Rule 42 allows a separate trial of any counterclaim "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy."

At the hearing held on September 17, 1984, the Court stated that the trial should be bifurcated, if necessary, to make it manageable, but only to make it more manageable. September 17 Tr., at 49. The plaintiffs have cited ample and persuasive precedents to support their position that the proceedings may be bifurcated, *Donson Stores, Inc. v. American Bakeries Co.*, 58 F.R.D. 485, 489 (S.D.N.Y.1973), *National Super Spuds, Inc. v. New York Mercantile Exchange*, 75 F.R.D. 40 (S.D.N.Y.1977), but they have not offered any facts to persuade the Court that bifurcation is necessary in this case. Without such facts, the Court cannot determine whether the counterclaims will make the trial unmanageable and thus should be tried after the determination of liability.

In addition, many of the cases cited by the plaintiffs as having dismissed counterclaims against class members involved thousands or millions of class members. *See, e.g., Enterprise Wallpaper Mfg. Co. v. Bodman*, 85 F.R.D. 325 (S.D.N.Y.1980); *In Re Sugar Industry Antitrust Litigation*, 73 F.R.D. 322 (E.D.Pa.1976); *Brandt v. Owens-Illinois, Inc.*, 62 F.R.D. 160 (S.D.N.Y.1974); *Weit v. Continental Illinois Nat. Bank and Trust Co. of Chicago*, 60 F.R.D. 5 (N.D.Ill.1973); *Green v. Wolf Corp.*, 406 F.2d 291 (2 Cir.1968), *cert. denied* 395 U.S. 977, 89 S.Ct. 2131, 23 L.Ed.2d 766 (1969). In the present case, the potential class is finite and limited to the present and former tenants of Faneuil Hall Marketplace and Faneuil Gallery, Inc. who in their leases or subleases have one or more of three standard clauses requiring lessee to pay a proportionate share of (a) real estate taxes, (b) common facilities operating and maintenance costs, and (c) heating system operating costs and heating and/or air conditioning system operating costs. Present and former tenants total 227. Since not all tenants have or had the standard clauses, the actual number of potential class members is less than 227.

The defendants assert counterclaims against nine of the eleven named plaintiffs and others as yet unnamed. While the total number of counterclaims is as yet unknown, there is no indication that it will approach the level that will make the proceedings unmanageable. If, however, the number of counterclaims rises to an unmanageable level, the Court may then at a later, more appropriate time alter or amend

any orders relating to the litigation. *National Super Spuds v. New York Mercantile Exchange, supra* at 44–45.

Finally, the defendants contend that the factual bases of many of their counterclaims are so interwoven with those of plaintiffs' claims that they cannot be independently submitted to a jury without confusion and uncertainty, and that, therefore, bifurcation would amount to a denial of a fair trial. *Franchi Construction Co., Inc. v. Combined Insurance Co. of America,* 580 F.2d 1, 7–8 (1 Cir.1978). The defendants stress that the Seventh Amendment permits a separate trial of an issue only when it clearly appears that the issue to be tried is so distinct and separable from the others to be tried that a trial of it alone may be had without injustice. *Gasoline Products Co., Inc. v. Champlin Refining Co.,* 283 U.S. 494, 500, 51 S.Ct. 513, 515, 75 L.Ed. 1188 (1931). Indeed, the defendants claim that some of the counterclaims contain issues of law and fact that are not only interwoven but actually identical to those presented by plaintiffs' claims. For example, the defendants state that if named plaintiffs succeed in proving that any of the Marketplace Tenants paid more than his proper share of such costs, defendants will argue therefrom that the other members of the plaintiff class are correspondingly liable for having paid less than their proper share. Because this claim and counterclaim have such a reciprocal relationship, the defendants argue persuasively that trying them separately would produce confusion and uncertainty.

■ At this stage of the proceedings, before all the pleadings in this case have been filed and the Court has had an opportunity to ascertain the nature of the issues raised, it would be premature to grant plaintiffs' motion for an order staying all proceedings with respect to any counterclaims. The plaintiffs' motion is accordingly denied. If at a later date, after all the pleadings have been filed and the issues have been clarified, the parties wish to sever any claims or counterclaims, the Court will then entertain any further motions.

■ As to staying discovery against absent class members in this case, the Court finds that the broad mandates of Fed.R. Civ.P. 26 demand that the scope of discovery be liberally construed so as to provide both parties with information essential to proper litigation on all the facts. *Mitsui & Co. v. Puerto Rico Water Resources Authority,* 79 F.R.D. 72 (D.C.P.R.1978). "The basic philosophy of the present federal procedure is that prior to trial every party to a civil action is entitled to the disclosure of all relevant information in the possession of any person, unless the information is privileged." *Donovan v. Prestamos Presto Puerto Rico, Inc.,* 91 F.R.D. 222, 223 (D.C.P.R.1981). Finally, as the Court of Appeals explained in *Dellums v. Powell,* 566 F.2d 167, 187 (D.C.Cir.1977), *cert. denied,* 438 U.S. 916, 98 S.Ct. 3146, 57 L.Ed.2d 1161, *reh. denied,* 439 U.S. 886, 99 S.Ct. 234, 58 L.Ed.2d 201, "While it is true that discovery against absentee class members under Rules 33 and 34 cannot be had as a matter of course, the overwhelming majority of courts which have considered the scope of discovery against absentees have concluded that such discovery is available, at least when the information requested is relevant to the decision of common questions, when the interrogatories or document requests are tendered in good faith and are not unduly burdensome, and when the information is not available from the representative parties." As long as the defendants follow the guidelines set out above, discovery from unnamed class members may proceed.