779 F.2d 49
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
AQUILIO C. AGLIAM and SALVE AGLIAM, Plaintiffs-Appellants,
v.
OHIO SAVINGS ASSOCIATION, Defendant-Appellee,
THE CUYAHOGA COUNTY RECORDER and THE CUYAHOGA COUNTY
TREASURER, Defendants.
 84-3826
 United States Court of Appeals, Sixth Circuit.
 10/25/85
 
 AFFIRMED
 N.D.Ohio, 99 F.R.D. 145
 On Appeal from the United States District Court for the Northern District of Ohio
 Before: ENGEL and KENNEDY, Circuit Judges; and EDWARDS, Senior Judge.
 PER CURIAM.
 
 
 1
 Appellants Aquilio C. Agliam and Salve Agliam appeal the decision of the United States District Court for the Northern District of Ohio denying their motion for summary judgment, granting Ohio Savings Association's motion for summary judgment and dismissing the complaint.
 
 
 2
 On August 12, 1978, Aquilio and Salve Agliam entered into a home mortgage loan agreement with Ohio Savings Association in the amount of $83,000. They executed a note payable to OSA providing for interest at a rate of 10.25% per annum subject to periodic adjustments. Prior to executing the note the Agliams received a disclosure statement as required under the Truth in Lending Act (TIL), 15 U.S.C. Secs. 1601-1667(e), which set forth the interest rate and permitted adjustment terms.
 
 The note provided:
 
 3
 If any of the monthly installments becoming due hereunder become due and remain unpaid for a period of thirty days, or if the Borrowers shall default in the observance or performance of any of the covenants, terms and conditions of the Mortgage, the entire unpaid principal balance of this Note with all accumulated interest thereon, at the option of the holder hereof, shall become immediately due and payable without notice, such notice being thereby expressly waived, and thereafter until this Note is paid in full, shall bear interest at a rate equal to 2% above the interest rate from time to time in effect hereunder.
 
 
 4
 The TIL disclosure statement similarly provided, 'If any monthly installment is unpaid for 30 days, the contract interest rate may be increased to a rate (2%) higher than the contract interest rate.'
 
 
 5
 On May 18, 1982, OSA informed the Agliams that it had increased their interest rate by 2% under the note provision. Except for this letter, OSA issued no new disclosure statement to the Agliams. OSA contends that the Agliams' April 1, 1982 payment was not made until May, 1982. The Agliams did not assert contrary facts in the district court.
 
 
 6
 On March 18, 1983, the Agliams filed a complaint in the district court, seeking a declaratory judgment, attorneys fees and costs under the Truth in Lending Act for OSA's failure to disclose the altered terms of the loan. On December 4, 1984, on cross motions for summary judgment the district court held that the 2% rate increase was not a refinancing such as would require the issuance of a new TIL disclosure statement and that the terms of the note allowed OSA to increase the interest rate without declaring the entire loan due. The court granted OSA's motion and dismissed the Agliams' complaint.
 
 
 7
 On appeal the Agliams contend: (1) that the district court erred in holding that the alterations of their payment obligations did not constitute a refinancing under the Truth in Lending Act, and (2) that OSA's motion for summary judgment was not supported by evidence showing that the Agliams were delinquent for thirty days in their installment payments. Furthermore, if this court affirms the decision of the district court denying their motion for summary judgment, they request that this court remand the case with permission to amend the complaint.
 
 
 8
 In their briefs before this court, the appellants acknowledged that OSA's note and OSA's TIL disclosure statement standing alone, without reference to any facts, do not violate the Truth in Lending Act or Regulation Z, 12 C.F.R. Sec. 226.1 (1985).
 
 
 9
 The remaining issue before the court, therefore, was whether the conduct of Ohio Savings Association after the alleged default by plaintiffs in their payments under the mortgage somehow resulted in a refinancing agreement which required the issuance of a new TIL disclosure statement. In this respect, we agree with United States District Judge Ann Aldridge that as a matter of law no such additional or new TIL disclosure statement was required. This being the only remaining issue in the case under which the trial judge had federal question jurisdiction, we therefore agree that summary judgment was properly rendered in favor of OSA.
 
 
 10
 In so affirming the district court, we note that all other issues raised, including any question of interpretation of the note or mortgage and any question whether a default occurred, were properly directed to Ohio law. Resolution of these issues should properly be left to the Ohio court before whom, we are advised, foreclosure and other proceedings involving the differences of the parties are now pending. To the extent that any findings of the district court are construed by either party as bearing upon those state issues, we conclude that Judge Aldrich's opinion was not and was not intended to be dispositive or controlling.
 
 
 11
 AFFIRMED.