Houston, J.
This medical malpractice case arose from the death of Gerard Van Vugt on May 27, 1996. The deceased’s wife, Plaintiff Loretta Van Vugt (hereinafter “the plaintiff’) brought suit against the New England Rehabilitation Hospital (hereinafter “the hospital”) alleging that during Mr. Van Vugt’s stay at the hospital from May 22 to 27, 1996, the hospital (1) improperly diagnosed and treated him for gastrointestinal bleeding; (2) failed to adequately hire, train, and supervise qualified personnel to care for the deceased; *39 and (3) failed to promulgate appropriate rules and regulations for the care and safety of patients.
In the course of discovery, pursuant to Mass.R.Civ.P. 26(b)(3), the plaintiff issued to the defendant “Request [For Documents] No. 3" seeking the hospital’s ’’by-laws, rules, regulations, and procedures" in effect from 1991 to the present. The hospital did not disclose these records. The plaintiff now moves to compel the production of these documents under the aegis of Rule 26. For the reasons set forth below, the plaintiffs motion is ALLOWED IN PART.

BACKGROUND

At issue is whether the plaintiff may obtain copies of the rules, regulations, and by-laws of the defendant hospital between the years 1991 and the present, where the victim died in 1996. Mr. Van Vugt passed on May27, 1996. Nearly four years later, on March 30, 2000, the plaintiff deposed Defendant Daniel Lyons, a physician involved in the care of the deceased during his stay at the hospital. Dr. Lyons testified that the hospital had “standards” and “by-laws” in place at the time of Mr. Van Vugt’s death, which had not been produced in the litigation.
In her motion to compel, the plaintiff argues that she “is entitled to inquire of witnesses the extent of their knowledge as to which rules were in effect in 1996.” The plaintiff further argues that she is “entitled to broad discovery reasonably calculated to lead to [the] discovery of credible evidence.” The hospital, in its response to the request for documents, objected on the grounds that “this document request is over broad with respect to time and scope, . . . and is not reasonably calculated to lead to the discovery of admissible evidence” as required by Rule 26 and 34. The defendant argues further that it would be unfair to force the production of documents that were not in effect in 1996.
Rule 26 of the Massachusetts Rules of Civil Procedure closely parallels the Federal rule. M. Berenson Co., Inc. v. Fanueul Hall Marketplace, Inc., 103 F.R.D. 635. Both rules express a broad philosophy of discovery. In each, the party seeking the material must satisfy two requirements. First, the materials must be relevant to the subject matter of the pending action, and/or reasonably calculated to lead to the discovery of admissible evidence. Second, the party seeking discovery must show (a) that she has a substantial need of the materials to prepare her case, and (b) that he would sustain severe hardship were she be forced to obtain the equivalent of such materials by means other than discovery. Id.; Mass.R.Civ.P. 26(b)(3). The rule permits the discovery of any material, whether or not it will ultimately be admissible at trial, so long as there exists a possibility of discovering admissible evidence. Id.
Applying the law to the facts of the present case, the plaintiff is entitled to received some of the documents she seeks from the defendant. The rules, regulations, and by-laws of the hospital which were in effect at the time of Mr. Van Vugt’s death may shed light upon the duties of the parties during the relevant period and thus lead to admissible evidence. Moreover, it cannot be said that the rules, regulations, and by-laws in effect from 1991 leadingupto 1996 willnot produce any information that may lead to the discovery of admissible evidence in this case. Therefore, in the judgment of this court, the records sought from 1991 up to and including 1996 must be disclosed as they fall within the purview of Mass.R.Civ.P. 26.
The plaintiffs request is overly broad, however, by demanding the records from 1996 to the present. Given the facts of this case, this request extends beyond even the liberal allowances of Rule 26. The relevant time period in this case is the time leading up to and including the death of Mr. Van Vugt. The hospital’s present-day regulations are unlikely to produce any relevant evidence regarding an incident which occurred in May of 1996. Furthermore, it is unlikely that these records would produce information that would lead to the discovery of any relevant evidence. Therefore, the plaintiff is not entitled to receive, and the defendant need not disclose, the rules, regulations, and by-laws in effect from 1997 to the present time.

ORDER

It is hereby ordered that the plaintiffs Motion to Compel is ALLOWED IN PART. The defendant hospital is ORDERED TO DISCLOSE ALL RULES, REGULATIONS AND BY-LAWS OF THE HOSPITAL WHICH WERE IN EFFECT FROM 1991 UP TO AND INCLUDING 1996.