Agnes, A.J.
This is a tort action in which the decedent, David Cadrin (hereafter, “Plaintiff’), died after suffering severe burns in an explosion that occurred at 22 Eskow Road in Worcester on December 19, 2001 on top of a fuel delivery truck where he was welding. The defendant, Trans Spec Truck Service, Inc. (hereafter “Trans Spec”), is the owner of the fuel deliveiy truck on which the decedent was working at the time of the explosion. The plaintiff alleges that Trans Spec was negligent in failing to warn the plaintiff of the presence of dangerous gasses inside the fuel truck and this was a cause of his death.
The plaintiff has noticed the deposition of the keeper of the records of Trans Spec, T.S. Truck Service, Inc., and Joseph Howard and Donna Howard. The subpoena issued to Mr. Joseph (Jay) Howard and Donna Howard directed that they should produce and bring to the deposition a variety of documents including “any and all tax returns of Mr. Jay Howard and/or Ms. Donna Howard from 1995 to present.” Both Mr. Howard and Ms. Howard have filed an opposition to the compelled disclosure of their tax returns.
BACKGROUND
The plaintiff points to the potential relationship among four entities with a connection to the scene of the accident as part of the background in support of his discoveiy request. Defendant Trans Spec owned the fuel deliveiy truck. T.S. Truck Services, Inc. was the employer of the decedent at the time of the incident. T.S. Enterprises, Inc. is a corporation operating out of the Eskow Road location and is in the business of transporting property on trucks. EJDJ Realty Trust is the owner of the real property where the accident occurred and is believed to have leased the premises to T.S. Truck Services, Inc. Discoveiy already conducted indicates that defendant Joseph (Jay) Howard was President and a Director of Trans Spec at the time of the accident, while his wife Donna was the Treasurer and a Director. Donna Howard, his wife, was President, Treasurer and Clerk of T.S. Truck Services, *162 Inc. at the time of the accident. It also appears that defendant Joseph Howard was an employee of T.S. Truck Services, Inc. at the time of the accident.
The defendant Joseph Howard has asserted as a defense that his acts or omissions cannot be imputed to Trans Spec because he was in the employ of T.S. Truck Services, Inc. Defendant Trans Spec has asserted as an affirmative defense that it is not liable because the accident was caused by the intervening negligence of a third party and that at the time of the accident the fuel truck was not under its control.
The plaintiffs position is that based on the initial responses to discovery, Joseph Howard and Donna Howard “have muddled the issue of who was in control of the property, the fuel delivery truck, and the plaintiffs decedent at the time plaintiffs decedent’s death because they were the individuals who chose to operate businesses under different corporate names or entities.” Plaintiffs Memorandum at 9. The plaintiff has learned that both Trans Spec and T.S. Trucking Service, Inc. have a corporate office at 7 Cristo Lane in Millbury which is the residence of Joseph Howard and Donna Howard. The defendants oppose the request for state and federal tax return information on grounds that such material is not relevant and is privileged.
At the plaintiffs request, this court already has entered discovery orders that require the defendants to answer requests for production of documents relating to any interest that Joseph Howard and Donna Howard may have in the premises located at 22 Eskow Road, or in any of the corporations noted above (Trans Spec, T.S. Truck Services, Inc., and T.S. Enterprises, Inc.), the identity of any employer of Joseph Howard, Donna Howard, and the decedent.
DISCUSSION
(1) General Principles Relating to Discovery
Mass.R.Civ.P. 26(b)(1) embodies a policy in favor of liberal discovery of all information, not privileged, that is relevant to a claim or defense of any party in the case. The Supreme Judicial Court has stated that “absent compelling reasons to the contrary,” the definition of relevancy set forth in Hickman v. Taylor, 329 U.S. 495, 501 (1947), controls. Cronin v. Strayer, 392 Mass. 525, 534 (1984) (citation omitted). Under the federal rule, Fed.R.Civ.P. 26(b)(1), pretrial discovery broadly encompasses any matter related to or that reasonably could lead to a matter that is related to any issue that is or may be in the case. See Hickman, supra, 329 U.S. at 501. The standard of relatedness is not delimited by the pleadings, since discovery is designed to assist a party in defining or clarifying the issues. Id. at 500-501. Accord, Cronin v. Strayer, supra. Either party therefore may compel the other to “disgorge whatever facts he has in his possession not otherwise privileged and protected from discovery.” Hickman v. Taylor, 329 U.S. 495, 501 (1947). Ultimately, “the conduct and scope of discovery is within the sound discretion of the judge.” Judge Rotenberg Educ. Ctr., Inc., v. Commissioner of the Dep’t of Mental Retardation (No. 1), 424 Mass. 430, 461 (1997). See M. Berenson Co., Inc., v. Faneuil Hall Marketplace, Inc., 103 F.R.D. 635, 637 (D.Mass. 1984).
When there is an objection to discovery, the party opposing it has the burden of establishing that the information or material sought is not relevant or that its production would be unduly burdensome. St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp., 198 F.R.D. 508, 511 (2000). Here, the contents of a party’s tax returns, particularly in the circumstances of this case in which a husband and wife appear to be in control of corporate entities with close relationships and possibly employed by each other, meets the test of relevancy.
2. Consideration of the Confidential or Privileged Nature of Tax Returns
(a) Massachusetts tax returns. There is a privilege under state law that bars a public employee from disclosing information set forth in a Massachusetts tax return or in an accompanying document. G.L.c. 62C, §21. The present version of the statute and its predecessor “embody the policy of the Commonwealth to preserve the confidentiality of State tax returns.” Finance Commission of Boston v. Commissioner of Revenue, 383 Mass. 63, 71 (1981). The privilege cannot be circumvented by simply demanding the information from the taxpayer. James Millar Co. v. Commonwealth, 251 Mass. 457, 464 (1925).
(b) Federal tax returns. There is no comparable privilege barring access to federal tax returns. Instead, courts have fashioned discovery rules that treat federal tax returns as enjoying a qualified right to confidentiality and that require a showing of need beyond mere relevance to overcome this qualified right. See Town taxi, Inc. v. Police Commissioner of Boston, 377 Mass. 576, 586-88 (1979), and cases cited. See also id. at 587 (“Consistent with this policy, courts have ordered discovery of copies of tax returns in cases where taxpayer’s income was directly in issue, where disclosure would not create a motive to falsify tax returns, and where Congress itself had already created an analogous exception to the confidentiality requirement. . .”). Accord, United States v. Bonanno Organized Crime Family of La Cosa Nostra 119 F.R.D. 625 (E.D.N.Y 1988) (establishing a two-prong requirement for disclosure of tax returns; first, a showing of relevance, and second, a showing that the information cannot be obtained from any other source). When disclosure of tax return information is ordered, it often is done on condition that counsel obtaining the information may only disclose to a limited number of persons with a need to have access to it. E.g., Buntzman v. Springfield Redevelopment Authority, 146 F.R.D. 30 (D.Mass. 1990).
*163 ORDER
The plaintiff is not entitled to obtain information contained in the defendants’ state tax returns. G.L.c. 62C, §21. Furthermore, until the plaintiffs demonstrate that access to the defendants’ federal tax returns is likely to produce evidence that is highly material to the case and that cannot be obtained elsewhere, it is not subject to disclosure. For the foregoing reasons, the discoveiy sought by plaintiffs’ with regard to state and federal tax returns is DENIED WITHOUT PREJUDICE.