599 F.2d 1322
 Charles L. WHIGHAM and Louise Whigham, Appellants,
v.
BENEFICIAL FINANCE CO. OF FAYETTEVILLE, INC., Appellee.
Charles L. WHIGHAM and Louise Whigham, Appellees,
v.
BENEFICIAL FINANCE COMPANY OF FAYETTEVILLE, INC., Appellant.
 Nos. 78-1433, 78-1434.
 United States Court of Appeals,
Fourth Circuit.
 Argued March 9, 1979.
Decided June 20, 1979.
 
 Robin E. Hudson, Raleigh, N. C. (Charles R. Hassell, Jr., Davis, Hassell, Hudson & Broadwell, Raleigh, N. C., on brief), for Charles L. Whigham and Louise Whigham.
 David A. Harlow, Fayetteville, N. C. (Nance, Collier, Singleton, Kirkman & Herndon, Fayetteville, N. C., on brief), for Beneficial Finance Co. of Fayetteville, Inc.
 Before BUTZNER and RUSSELL, Circuit Judges, and ROBERT R. MERHIGE, Jr., United States District Judge for the Eastern District of Virginia, sitting by designation.
 BUTZNER, Circuit Judge:
 
 
 1
 Charles and Louise Whigham appeal a summary judgment against their claim that the disclosures made to them when they secured consumer credit from Beneficial Finance Co. did not comply with the Truth-in-Lending Act, 15 U.S.C. § 1601 Et seq., and Federal Reserve Regulation Z, 12 C.F.R. § 226.1 et seq. Beneficial Finance appeals the dismissal of its counterclaim against the Whighams for the amount currently due on the loan. We affirm the district court's disposition of both claims.
 
 
 2
 * The sole issue in Beneficial's appeal is whether its claim for the balance due on the loan is a compulsory counterclaim in the borrowers' action for violations of the Truth-in-Lending Act. A federal court has ancillary jurisdiction over compulsory counterclaims, but it cannot entertain permissive counterclaims unless they independently satisfy federal jurisdictional requirements. See United States for Use and Benefit of D'Agostino Excavators, Inc. v. Heyward-Robinson Co., 430 F.2d 1077, 1080-81 (2d Cir. 1970); 6 Wright & Miller, Federal Practice and Procedure: Civil § 1414 (1971). Beneficial alleged no independent jurisdictional basis for its counterclaim.
 
 
 3
 Federal Rule of Civil Procedure 13(a) declares that a counterclaim is compulsory "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . .." In applying the rule to particular cases, courts have considered whether the issues of fact and law raised by the claim and counterclaim are largely the same, whether substantially the same evidence bears on both claims and whether any logical relationship, exists between the two claims. See 6 Wright & Miller, Federal Practice and Procedure: Civil § 1410.
 
 
 4
 We conclude that a lender's claim for debt against a borrower who sues for violation of the Truth-in-Lending Act has none of the characteristics associated with a compulsory counterclaim.* First, the lender's counterclaim raises issues of fact and law significantly different from those presented by the borrower's claim. The only question in the borrower's suit is whether the lender made disclosures required by the federal statute and its implementing regulations. The lender's counterclaim, on the other hand, requires the court to determine the contractual rights of the parties in accordance with state law. Meadows v. Charlie Wood, Inc., 448 F.Supp. 717, 721 (M.D.Ga.1978); See Spartan Grain & Mill Co. v. Ayers, 581 F.2d 419, 430 (5th Cir. 1978).
 
 
 5
 Second, the evidence needed to support each claim differs. The borrower need produce only the loan documents for consideration in light of the federal requirements. The lender, however, must verify the obligation and prove a default on loan payments. Zeltzer v. Carte Blanche Corp., 414 F.Supp. 1221, 1224 (W.D.Pa.1976).
 
 
 6
 Third, the claim and the counterclaim are not logically related. The lender's counterclaim alleges simply that the borrower has defaulted on a private loan contract governed by state law. The borrower's federal claim involves the same loan, but it does not arise from the obligations created by the contractual transaction. See Basham v. Finance America Corp., 583 F.2d 918, 927-28 (7th Cir. 1978). Instead, the claim invokes a statutory penalty designed to enforce federal policy against inadequate disclosure by lenders. See Mourning v. Family Publications Service, Inc., 411 U.S. 356, 364-65, 376, 93 S.Ct. 1652, 36 L.Ed.2d 318 (1973); 15 U.S.C. § 1601. To let the lender use the federal proceedings as an opportunity to pursue private claims against the borrower would impede expeditious enforcement of the federal penalty and involve the district courts in debt collection matters having no federal significance. Gammons v. Domestic Loans of Winston-Salem, Inc., 423 F.Supp. 819, 820-21 (M.D.N.C.1976); Jones v. Goodyear Tire & Rubber Co., 73 F.R.D. 577, 579-80 (E.D.La.1976).
 
 II
 
 7
 The Whighams' appeal challenges the adequacy of the disclosures that Beneficial made to them regarding the terms of their loan. The district court carefully reviewed each of their claims and held that the disclosures satisfied the requirements of the Truth-in-Lending Act and Regulation Z. We affirm that holding for reasons stated by the district court.
 
 
 8
 Affirmed,
 
 
 
 *
 Two other courts of appeals have reached similar conclusions in different contexts. See Basham v. Finance America Corp., 583 F.2d 918, 927-28 (7th Cir. 1978); Spartan Grain & Mill Co. v. Ayers, 581 F.2d 419, 430 (5th Cir. 1978). But see Palmer v. Wilson, 502 F.2d 860, 863 (9th Cir. 1974) (Thompson, J., concurring)
 District courts have disagreed on the resolution of this issue. Most have held the lender's counterclaim permissive. See, e. g., Rounds v. Community Nat'l Bank, 454 F.Supp. 883, 890 (S.D.Ill.1978); Meadows v. Charlie Wood, Inc., 448 F.Supp. 717, 720-23 (M.D.Ga.1978); Fetta v. Sears, Roebuck & Co., 77 F.R.D. 411, 414 (D.R.I.1977); Parr v. Thorp Credit, Inc., 73 F.R.D. 127 (S.D.Iowa 1977); Gammons v. Domestic Loans of Winston-Salem, Inc., 423 F.Supp. 819, 820-21 (M.D.N.C.1976); Bantolina v. Aloha Motors, Inc., 419 F.Supp. 1116, 1122 (D.Hawaii 1976); Zeltzer v. Carte Blanche Corp., 414 F.Supp. 1221 (W.D.Pa.1976); Jones v. Goodyear Tire & Rubber Co., 73 F.R.D. 577, 579-80 (E.D.La.1976); Jones v. Sonny Gerber Auto Sales, Inc., 71 F.R.D. 695, 696-97 (D.Neb.1976); Ball v. Connecticut Bank & Trust Co., 404 F.Supp. 1 (D.Conn.1975); Agostine v. Sidcon Corp., 69 F.R.D. 437, 441-43 (E.D.Pa.1975); Roberts v. National School of Radio & Television Broadcasting, 374 F.Supp. 1266, 1270-71 (N.D.Ga.1974), Overruled, Mims v. Dixie Fin. Corp., 426 F.Supp. 627 (N.D.Ga.1976). Others have held the counterclaim compulsory. See, e. g., Engle v. Shapert Constr. Co., 443 F.Supp. 1383, 1386 (M.D.Pa.1978); Carter v. Public Fin. Corp., 73 F.R.D. 488, 490-92 (N.D.Ala.1977); Mims v. Dixie Fin. Corp., 426 F.Supp. 627, 628-30 (N.D.Ga.1976); Rollins v. Sears, Roebuck & Co., 71 F.R.D. 540, 542-43 (E.D.La.1976); Gibson v. Family Fin. Corp., 404 F.Supp. 896, 899 (E.D.La.1975); Kenney v. Landis Financial Group, Inc., 376 F.Supp. 852, 854 (N.D.Iowa 1974); Alpert v. U. S. Indus., Inc., 59 F.R.D. 491, 499 (C.D.Cal.1973); Rodriguez v. Family Publications Serv., Inc., 57 F.R.D. 189, 193 (C.D.Cal.1972).