**Robert MADDOX and Margaret Maddox, Plaintiffs-Appellees, Cross-Appellants,**

v.

**KENTUCKY FINANCE COMPANY, INC., Defendant-Appellant, Cross-Appellee.**

Nos. 82–5719, 82–5739.

United States Court of Appeals, Sixth Circuit.

Argued April 6, 1984.

Decided June 18, 1984.

J.R. Bartholomew, Richard W. Hill, Louisville, Ky., Bert Combs (argued), D.G. Lynn, Phillip E. Wilson, Kincaid, Wilson, Schaeffer & Hembree, Lexington, Ky., for defendant-appellant, cross-appellee.

David Friedman (argued), Legal Aid Soc., Louisville, Ky., for plaintiffs-appellees, cross-appellants.

Before EDWARDS and KENNEDY, Circuit Judges, and WEICK, Senior Circuit Judge.

CORNELIA G. KENNEDY, Circuit Judge.

This case presents the question of the adequacy of disclosures under the Consumer Credit Protection Act (known generally as the Truth in Lending Act, "TILA"), 15 U.S.C. § 1601 *et seq,* on the part of Kentucky Finance Company, Inc. (KFC). It also presents the question of whether the unpaid balance of the underlying debt is a compulsory counterclaim under Fed.R. Civ.P. 13(a). We hold that there was no violation of TILA and that the counterclaim is permissive and not compulsory.

KFC lent the Maddoxes, plaintiffs below, $2168.61 under Kentucky Revised Statutes (KRS) Chapter 288, the Petty Loan Act, and under a security agreement obtained a security interest in certain items of the Maddoxes' personal property. In the District Court the Maddoxes alleged two violations of TILA. First they challenged KFC's authority to disclose that the "Rule of 78's" method would be used to compute the portion of precomputed interest charges to be refunded if the loan were prepaid in full. Second, they argued that the description of the type of security interest retained by KFC in their personal property was inadequate under TILA and the applicable regulations.

The District Court found that the Kentucky statute does not authorize KFC to use the Rule of 78's and that the disclosure was consequently misleading in violation of TILA. KFC appeals. The court further found that the description of the security interest retained by KFC was adequate.

The District Court awarded Robert and Margaret Maddox each $1000, the maximum civil penalty under TILA, 15 U.S.C. § 1640(a), plus interest, costs, and attorney's fees. KFC moved for reconsideration, arguing that the plaintiffs were entitled jointly to only one recovery of the maximum civil penalty. The motion was sustained and the court entered a final order reducing the award to a total of $1000, plus interest, costs and attorney's fees. KFC appeals the finding that its disclosure was misleading. The Maddoxes cross-appeal the finding that the description of the security was adequate and the failure to award $1,000 to each of them.

KFC filed a counterclaim in the District Court against the Maddoxes for the unpaid balance of the underlying debt. The Maddoxes moved to dismiss the counterclaim on the grounds that it was outside the ancillary jurisdiction of the court. The motion was denied, and the court awarded KFC $919.69, plus interest, on its counterclaim. The Maddoxes cross-appeal, arguing that the court lacked jurisdiction to hear the counterclaim, while KFC responds that the counterclaim was compulsory, and therefore within the court's ancillary jurisdiction.

## TILA Claims

■ On the same day that this panel heard argument in the instant case, we also heard a second case, *Lefler v. Kentucky Finance Company, Inc.,* 736 F.2d 375 (6th Cir.1984), which presented identical claims under TILA. We hold here, as we held in *Lefler,* that the District Court properly found that KFC's description of the security interest that it retained was adequate under TILA and the regulations. Also as in *Lefler,* we reverse the District Court's ruling that KFC's disclosure that the Rule of 78's would be used in calculating interest refunds upon prepayment was misleading in violation of TILA. The court erroneously found that the Kentucky statute does not authorize refund computation by the Rule of 78's method. We find that the statute clearly does authorize use of this

method, and that KFC's disclosure was therefore not misleading. For a more thorough discussion of these issues, we refer to our opinion in *Lefler*.

Because we find that KFC did not violate TILA, it is unnecessary for us to address the Maddoxes' claim that they were each entitled to an award of the maximum civil penalty.

#### Jurisdiction over KFC's Counterclaim

■ The Maddoxes' claim presents a federal question under TILA; KFC's counterclaim, however, is common law debt, and presents no independent basis for federal jurisdiction. Such a counterclaim is within the ancillary jurisdiction of the federal district court only if it is a compulsory counterclaim under Fed.R.Civ.P. 13(a). *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n. 1, 94 S.Ct. 2504, 2506 n. 1, 41 L.Ed.2d 243 (1974); *Federman v. Empire Fire and Marine Insurance Co.*, 597 F.2d 798, 811–12 (2d Cir.1979); *City of Cleveland v. Cleveland Electric Illuminating Co.*, 570 F.2d 123, 124 (6th Cir.1978); 6 Wright and Miller, Federal Practice and Procedure: Civil § 1414 (1971).

Rule 13(a) provides that a counterclaim is compulsory "if it arises out of the transaction or occurrence that is the subject of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot require jurisdiction." The courts, rejecting a literal application of the rule, have devised other tests which further focus the question:

1) Is there a logical relationship between the two claims?

2) Are the issues of fact and law raised by the claim and counterclaim largely the same?

3) Would res judicata bar a subsequent suit on the counterclaim if the court were not to take jurisdiction?

4) Would substantially the same evidence support or refute both the claim and the counterclaim?

*Moore v. New York Cotton Exchange*, 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750 (1926); 3 Moore's Federal Practice ¶ 13.3 (1984); 6

Wright and Miller § 1410. The majority of courts, including this one, have adopted the "logical relation" test. *United States v. Southern Construction Company*, 293 F.2d 493, 500 (6th Cir.1961), *cert. granted*, 368 U.S. 975, 82 S.Ct. 478, 7 L.Ed.2d 437 (1962), *rev'd in part*, 371 U.S. 57, 83 S.Ct. 108, 9 L.Ed.2d 31 (1962); 6 Wright and Miller § 1410.

Three circuits have analyzed the question of whether in a TILA action a counterclaim on the underlying debt is compulsory, giving the federal court ancillary jurisdiction. Each applied the logal relation test but reached different results. The Fourth Circuit in *Whigham v. Beneficial Finance Co. of Fayetteville*, 599 F.2d 1322 (4th Cir. 1979) (2–1 decision), found that the debt counterclaim lacks any characteristics of a compulsory counterclaim. *Id.* at 1323. While the TILA claim and the debt counterclaim arise out of the same transaction, said the court, they are not logically related. The TILA claim does not involve the obligations created by the underlying contract. Rather, the TILA claim enforces a federal policy regarding disclosure by invoking a penalty. The issues of fact and law are significantly different, according to the court, because the TILA claim involves only the federal statute and the debt claim only state law, and different evidence is needed to support each claim. *Id.* at 1324. The court also expressed concern that allowing the creditor to proceed with the debt claim would impede expeditious enforcement of the federal penalty.

The Fifth Circuit in the same year decided *Plant v. Blazer Financial Services, Inc. of Georgia*, 598 F.2d 1357 (5th Cir. 1979), holding that the debt counterclaim is compulsory. In direct conflict with the *Whigham* court, the court found a logical relationship between the claim and the counterclaim. The court noted that a "single aggregate of operative facts, the loan transaction, gave rise to both" the TILA claim and the debt counterclaim. *Id.* at 1361. The court acknowledged arguments that federal courts should not become entangled in state debt claims and should not

infringe on the power of the state courts to adjudicate matters of state law. Nonetheless, the court concluded that judicial economy requires that the claim and counterclaim be tried together, for a determination that the debt is invalid under state law may in some cases affect recovery on the TILA claim, and federal judges are presumed competent to decide state law questions. *Id.* at 1363–64.

The Seventh Circuit in *Valencia v. Anderson Brothers Ford,* 617 F.2d 1278 (7th Cir.1980), *rev'd on other grounds,* 452 U.S. 205, 101 S.Ct. 2266, 68 L.Ed.2d 783 (1981), was confronted with the conflicting *Whigham* and *Plant* decisions, and chose to follow *Whigham,* finding the counterclaim non-compulsory. The court stated that there would be no real judicial economy in having the counterclaim compulsory, that "the sole connection between a TILA claim and a debt counterclaim is the initial execution of the loan document." 617 F.2d at 1291. The court noted that treating such counterclaims as compulsory could undermine the objectives of TILA, because TILA plaintiffs could be faced with counterclaims exceeding their potential recovery under the act. *See* Note, *Truth-in-Lending Act—Defendant's Debt Counterclaim—Compulsory or Permissive?,* 28 Case W.Res. L.Rev. 434 (1978). In addition, the court was concerned that TILA claims could not be expeditiously resolved if entangled with debt counterclaims. The TILA claims are heard by the court without a jury and ordinarily involve only questions of law based on the face of the loan documents.

We agree with the *Whigham* and *Valencia* courts which have held the debt counterclaim to be permissive rather than compulsory. While the claim and counterclaim do arise out of the same transaction within the literal terms of Rule 13(a), we do not believe that they are logically related in such a way as to make the counterclaim compulsory. The claim and counterclaim will present entirely different legal, factual, and evidentiary questions. It is not clear that the interests of judicial economy and efficiency would be served in the least by requiring that the two claims be heard together.

The court in *Plant* reasoned that if Congress had meant to exclude debt counterclaims to TILA actions from the jurisdiction of the federal courts, it could easily have done so. 598 F.2d at 1364. But by the same token, Congress could as easily have specifically allowed such counterclaims to be brought in federal court. The question here is simply whether the claim and counterclaim bear the requisite rational relationship to one another, and our finding that they do not is dispositive.

The *Plant* court also pointed to the jurisdictional asymmetry between TILA actions brought in federal and state courts which would result from a finding that the counterclaim is not compulsory: if a plaintiff brought a TILA action in state court the defendant could counterclaim on the debt, but if the plaintiff chose the federal forum the defendant would not be able to assert the debt counterclaim. The court believed that failure to find the counterclaim compulsory would "insulate" the plaintiff in federal court from the debt claim. *Id.*

We disagree with this analysis. The state forum would still remain open for the defendant to bring the debt claim, with little or no resulting loss of efficiency and economy. A ruling that the debt claim is a compulsory counterclaim could bar a TILA defendant who fails to counterclaim on the debt from later bringing the debt action in state court. *Southern Construction Company,* 293 F.2d at 499; 3 Moore's Federal Practice ¶ 13.12[1]; 6 Wright and Miller § 1417. Such a rule could systematically usurp these state law debt claims from adjudication by the state courts, and, as the *Valencia* court noted, could frustrate the purposes of TILA by giving plaintiffs a disincentive to sue.[1] As to the jurisdictional asymmetry between the state and federal courts, this is simply an inherent feature

---

**1.** Most consumer loan agreements contain an acceleration clause. Lenders do not, however, always accelerate the loan for minor defaults.

Yet, if the counterclaim is compulsory they would be required to do so if sued on a TILA

of our bifurcated legal system. Accordingly, we hold that KFC's counterclaim is not compulsory, and that the District Court consequently had no jurisdiction to hear the counterclaim.

The judgment of the District Court is affirmed in part and reversed in part. The judgment against KFC and the judgment on the counterclaim against the Maddoxes are vacated.

GEORGE CLIFTON EDWARDS, Jr., Circuit Judge, dissenting in part.

Again as in Lefler I agree with the District Judge that appellant Kentucky Finance's use of the Rule of 78's is not consistent with Kentucky law and would give effect to the judgment to the extent it is based on that holding.

On all other issues I concur with Judge Kennedy.

violation. This result would be in conflict with the purpose of the TILA.

