884 F.2d 579
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Douglas F. KENNY and Marion N. Kenny, Plaintiffs-Appellants,
v.
John Block, Allen Brock, Charles Shuman, Calvin C. Lutz,
Charles E. Kelsey, Rodney L. Plews, and United
States Department of Agriculture,
Defendants-Appellees.
 No. 88-1961.
 United States Court of Appeals, Sixth Circuit.
 Aug. 28, 1989.
 
 Before NATHANIEL R. JONES and MILBURN, Circuit Judges, and SAM H. BELL, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiffs-appellants Douglas F. Kenny and Marion N. Kenny ("plaintiffs") appeal the summary judgment of the district court in favor of defendants-appellees. For the reasons that follow, we affirm.
 
 I.
 
 2
 Plaintiffs are farmers in Sanilac County, Michigan, who, after suffering severe weather-related losses, obtained emergency loans from the United States Farmers Home Administration ("FmHA"). As part of these loan transactions, plaintiffs granted FmHA a security interest in their livestock, equipment, supplies, and inventory as well as in their property. On August 17, 1984, plaintiffs filed a voluntary petition for bankruptcy. FmHA filed a proof of claim on November 10, 1984, in the amount of $135,859.00.
 
 
 3
 On December 5, 1984, plaintiffs commenced the present action by filing a complaint against the United States Department of Agriculture, Department of Agriculture officials individually, and against FmHA officials. Plaintiffs alleged, among other things, that FmHA failed to provide adequate credit and farm counseling to plaintiffs in violation of its own regulations, that FmHA failed to execute emergency loans sufficient to meet plaintiffs' operating needs, and that the Department of Agriculture had ignored congressional intent by failing to promulgate regulations implementing 7 U.S.C. Sec. 1981a, which provides for discretionary loan deferrals.
 
 
 4
 Although the bankruptcy court entered a recommendation that plaintiffs' complaint should be dismissed, the district court withdrew the reference to the bankruptcy court pursuant to 28 U.S.C. Sec. 157(d). The individual defendants then moved for summary judgment, and on December 3, 1988, the district court granted their motion, concluding the individual defendants were entitled to qualified immunity. On August 4, 1988, the district court dismissed plaintiffs' complaint in its entirety. This timely appeal followed.
 
 
 5
 The present case presents a number of issues including: (1) whether plaintiffs' tort claims against the Department of Agriculture are barred under the Federal Tort Claims Act ("FTCA") for failure to exhaust administrative remedies as required in 28 U.S.C. Sec. 2675(a); (2) whether an implied right of action exists against defendants for the alleged failure of FmHA to follow its regulations; (3) whether plaintiffs' due process claims against the individual defendants are barred by qualified immunity; (4) whether plaintiffs have stated a claim under Michigan's "Good Samaritan" doctrine; (5) whether plaintiffs have raised a genuine issue of material fact regarding their breach of contract claim; and (6) whether there exists a basis for equitable subordination of FmHA's proof of claim.
 
 II.
 A.
 
 6
 As the district court in the present case granted summary judgment under Rule 56 of the Federal Rules of Civil Procedure, we are required in our review of the facts to draw all inferences in favor of the party opposing the summary judgment motion. Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986); SEC v. Blavin, 760 F.2d 706, 710 (6th Cir.1985) (per curiam). On summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The Supreme Court stated in Anderson that "all justifiable inferences are to be drawn in [the nonmovant's] favor." Id. at 255.
 
 B.
 
 7
 Plaintiffs argue that they were damaged by FmHA's failure to counsel them regarding credit matters and farm management as provided for in FmHA's loan regulations. Defendants counter that plaintiffs have no viable claim in this regard as FmHA was under no obligation to provide farming, financial or other counseling and because, in any event, plaintiffs' damages resulted from problems other than the failure to receive counseling. Indeed, defendants point to testimony of plaintiff Douglas Kenny to the effect that his financial crisis was not caused by FmHA's failure to counsel him, but by adverse weather conditions:
 
 
 8
 QUESTION: Did you feel that you needed assistance from the Farmers' Home Administration regarding the management of your farm?
 
 
 9
 DOUGLAS KENNY: I don't think so. My big problem was wet weather.
 
 
 10
 J.A. at 157.
 
 
 11
 Assuming plaintiffs did suffer damages as a result of FmHA's failure to counsel, defendants assert that there can be no recovery because plaintiffs' cause of action in this regard arises under the FTCA, and plaintiffs have not filed an administrative claim as required by 28 U.S.C. Sec. 2675(a).
 
 
 12
 As a general rule, an administrative claim must be filed as a prerequisite to commencing a civil action under the FTCA. See 28 U.S.C. Sec. 2675(a); Garrett v. United States, 640 F.2d 24, 26 (6th Cir.1981) (per curiam). This prerequisite is jurisdictional and not capable of waiver or subject to estoppel. Garrett, 640 F.2d at 26; Executive Jet Aviation, Inc. v. United States, 507 F.2d 508, 515 (6th Cir.1974).
 
 
 13
 In Williamson v. United States Dep't of Agric., 815 F.2d 368 (5th Cir.1987), a farmer in bankruptcy sued the FmHA and the Department of Agriculture for committing a series of allegedly negligent and intentional actions which forced the farmer into bankruptcy. The farmer alleged that by its actions the FmHA unconstitutionally deprived him of due process. The district court retained jurisdiction over the adversary proceeding and granted summary judgment for defendants, stating that the action was barred under the FTCA for failing to file an administrative claim. The Fifth Circuit affirmed, holding that the farmer's claims were "barred for ... failure to exhaust his administrative remedies before asserting his claims in federal court." Id. at 378.
 
 
 14
 We likewise hold that plaintiffs' tort claims against the Department of Agriculture are barred for failure to pursue administrative remedies. While plaintiffs argue that the administrative exhaustion requirement does not apply in the context of a bankruptcy proceeding, we note that the present adversary action was withdrawn from the bankruptcy court by the district court pursuant to 28 U.S.C. Sec. 157(d). Plaintiffs do not challenge this ruling on appeal. Accordingly, the present action is a traditional adversary proceeding, and the requirements of the FTCA are fully applicable.[1]
 
 
 15
 Plaintiffs, however, argue that as their claim is a compulsory counterclaim, there is no need to comply with the administrative exhaustion requirement. Section 2675(a) contains an exception providing that compulsory counterclaims are not within the administrative exhaustion requirement. The standard for determining whether a counterclaim is compulsory is defined in Fed.R.Civ.P. 13(a), which provides that a counterclaim is compulsory "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim...." Fed.R.Civ.P. 13(a). We hold that plaintiffs' complaint does not arise "out of the transaction or occurrence" that is the subject matter of the FmHA's claim in the bankruptcy court. See Maddox v. Kentucky Fin. Co., Inc., 736 F.2d 380, 382-83 (6th Cir.1984). Plaintiffs' action presents different legal, factual, and evidentiary issues than that presented by FmHA's proof of claim and thus is not a compulsory counterclaim. Accordingly, we hold plaintiffs' failure to comply with the FTCA's administrative exhaustion requirement bars any tort claim against the Department of Agriculture.
 
 C.
 
 16
 Plaintiffs argue that defendants have violated a series of FmHA regulations and that plaintiffs therefore may maintain a private right of action, implied from FmHA regulations. Specifically, plaintiffs argue that FmHA officials failed to comply with regulations regarding farm and credit counseling. See 7 C.F.R. Sec. 1924.57(c). Defendants argue that these FmHA regulations do not provide plaintiffs with an implied private right of action. We agree.
 
 
 17
 Federal regulatory schemes are generally not a source of federal private rights of action. See Chen v. United States, 854 F.2d 622, 626 (2d Cir.1988). However, a private right of action may sometimes be implied for a violation of an administrative regulation. Id. A two-step inquiry is undertaken in determining whether a cause of action should be implied:
 
 
 18
 First, it is necessary to ascertain whether the statute under which the rule was promulgated properly permits the implication of a private right of action. To this determination, the method of analysis developed by the Supreme Court is fully applicable. If under Cort v. Ash [422 U.S. 66 (1974) ] and its progeny, a court finds that Congress did not intend the statute to be enforced by private actions, then the inquiry is concluded. No private right of action may be implied in such a situation since an agency's rulemaking power cannot exceed the authority granted to it by Congress.
 
 
 19
 * * *
 
 
 20
 * * *
 
 
 21
 If the enabling statute permits a private right of action, a second inquiry must then be made: whether a private right of action should be implied from the agency rule at issue.
 
 
 22
 Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 947 (3d Cir.), cert. denied, 474 U.S. 935 (1985).
 
 
 23
 Here the applicable statute empowering the Secretary of Agriculture to promulgate the regulations in issue is 7 U.S.C. Sec. 1989. Review of the statute and its legislative history discloses no congressional intent to permit a private right of action for violations of FmHA's regulations. Indeed, plaintiffs have cited no authority in support of their proposition that this court should imply a right of action under FmHA's regulations. We hold that Congress did not intend to create a private right of action for activity arising out of FmHA's remedial responsibilities, including consulting farmers who obtain emergency loans.
 
 D.
 
 24
 Plaintiffs have named as defendants six Department of Agriculture officials, including the former Secretary of Agriculture, John Block, and other local FmHA supervisors. Plaintiffs maintain that these individuals have deprived them of property in violation of due process of law by withholding from them the loan servicing to which they were entitled under FmHA regulations. Defendants counter that plaintiffs have failed to raise a genuine issue of material fact and that the individual defendants are entitled to qualified immunity. We hold, however, that the individual defendants are protected by qualified immunity.[2]
 
 
 25
 In Anderson v. Creighton, 107 S.Ct. 3034 (1987), the Supreme Court held that federal officials performing discretionary functions are protected by qualified immunity "as long as their actions could reasonably have been thought consistent with the right that they are alleged to have violated." Id. at 3038; see also Malley v. Briggs, 475 U.S. 335 (1986). Under Anderson, the issue "whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action." Anderson, 107 S.Ct. at 3038 (quoting Harlow v. Fitzgerald, 475 U.S. 800, 819 (1982)). The issue of qualified immunity is a question of law to be determined on the basis of plaintiff's allegations. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).
 
 
 26
 In the present case, defendants are protected by qualified immunity because no "clearly established law" was allegedly violated by defendants. As the Supreme Court indicated in Anderson, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." 107 S.Ct. at 3039. Here, plaintiffs' allegations are general and cannot be articulated in a manner indicating that a reasonable official would have realized that his or her actions violated a constitutional right. It bears repeating that the right allegedly violated must be of clear constitutional dimensions. Plaintiffs have failed to allege such a right was violated.
 
 E.
 
 27
 Plaintiffs have also raised a claim against all defendants arising under Michigan law. Michigan has recognized a "good Samaritan" tort doctrine providing that where an individual undertakes to render services to another, the individual is subject to liability for harm resulting from his failure to exercise due care if the failure increased the risk of harm or the harm is suffered because the injured party reasonably relied on the undertaking. Smith v. Allendale Mut. Ins. Co., 410 Mich. 685, ----, 303 N.W.2d 702, 706 (1981).
 
 
 28
 We hold the district court properly granted defendants' summary judgment as to this claim because plaintiffs have failed to raise a genuine issue of material fact regarding whether they reasonably relied upon FmHA's regulations providing for supervisory or consultative services. As indicated, plaintiff Douglas Kenny testified on deposition that he did not rely upon any promised services and that his farming difficulties resulted primarily from poor weather and not from a failure to receive FmHA assistance. Indeed, the record is devoid of any indication that the FmHA's failure to provide counseling increased the risk of harm suffered by plaintiffs.
 
 F.
 
 29
 Plaintiffs also claim that the contractual agreements entered into between plaintiffs and FmHA were violated by FmHA because the agreements adopted FmHA regulations which FmHA failed to follow. Plaintiffs point to various boilerplate clauses in the agreements stating generally that FmHA's regulations were incorporated by reference. The district court ruled that the contract did not include any requirement that the FmHA supervise and provide assistance to plaintiffs but only permitted such activities to the extent necessary to achieve the objective of the loan and to protect FmHA's interest. We hold that the district court was correct in this regard as the incorporation of the regulations into the agreements was accomplished to provide the FmHA rights to supervise plaintiffs' operations and not to establish any rights in the plaintiffs.
 
 G.
 
 30
 Plaintiffs allege in their complaint that FmHA's claims should be equitably subordinated to the claims of other creditors given FmHA's misconduct. A creditor's claim in bankruptcy "may normally be subordinated only if its holder is guilty of misconduct." Matter of All Products Co., 32 B.R. 811, 816 (E.D.Mich.1983). Misconduct in this regard includes: "(1) fraud, illegality, breach of fiduciary duties; (2) undercapitalization; and (3) claimant's use of the debtor as a mere instrumentality or alter ego." Matter of Missionary Baptist Foundation of America, 712 F.2d 206, 212 (5th Cir.1983). There is a presumption in favor of the validity of a properly filed claim. Id.
 
 
 31
 Plaintiffs allege they are entitled to equitable subordination because of FmHA's failure to assist them in becoming successful farmers. Plaintiffs argue that this failure disabled them from paying their debts. We hold, however, that there is no evidence in the record that FmHA or any of its officials engaged in any intentional misconduct and that plaintiffs have therefore failed to raise a genuine issue of material fact in this regard.[3]
 
 III.
 
 32
 Accordingly, for the reasons stated, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable Sam H. Bell, United States District Judge, Northern District of Ohio, sitting by designation
 
 
 [1]
 We note that this holding renders it unnecessary for us to offer an opinion as to the applicability of the FTCA exhaustion requirement in bankruptcy court, and we therefore decline to do so
 
 
 [2]
 Were we inclined to reach the merits on this claim, we note that under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), an implied federal remedy exists only for violations of constitutional rights. Notwithstanding plaintiffs' arguments to the contrary, not every failure of a government agency to comply with its regulations rises to the level of a constitutional tort. Bass v. United States Dep't of Agric., 737 F.2d 1408, 1416 (5th Cir.1984)
 
 
 [3]
 As a final matter, plaintiffs also argue that the Department of Agriculture has unconstitutionally thwarted congressional intent by failing to adopt regulations implementing the loan deferral provisions of 7 U.S.C. Sec. 1981a. In Ramey v. Block, 738 F.2d 756 (6th Cir.1984), we held that the Secretary was indeed required to implement the loan deferral program under section 1981a. Id. at 761. In response, the Secretary has promulgated regulations implementing this section in accord with our decision. See Subpart S: Farmer Programs Accounts Servicing Policies, 53 Fed.Reg. 35,638 (Sept. 14, 1988). Accordingly, plaintiffs' claim in this regard is moot