RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 15a0299p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

BRIAN W. BAUMAN; CYNTHIA S. BAUMAN,

        *Plaintiffs-Appellants,*

    *v.*

BANK OF AMERICA, N.A.; HUDSON CITY SAVINGS BANK; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,

        *Defendants-Appellees.*

No. 15-3106

———————————

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 2:14-cv-00553—Gregory L. Frost, District Judge.

Decided and Filed:  December 23, 2015

Before: COLE, Chief Judge; SUTTON, Circuit Judge; BELL, District Judge.[*]

———————————

**COUNSEL**

**ON BRIEF:**  Andrew J. Gerling, Troy J. Doucet, DOUCET & ASSOCIATES, INC., Dublin, Ohio, for Appellants.  Michael Gerst, REED SMITH LLP, Los Angeles, California, Stephanie J. Peel, REED SMITH LLP, Pittsburgh, Pennsylvania, Amanda L. Holzhauer, James W. Sandy, MCGLINCHEY STAFFORD, Beachwood, Ohio, for Appellees.

———————————

[*]The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

1

_____

**OPINION**

_____

BELL, District Judge.  Did Defendants who failed to bring a debt collection action as a counterclaim to a Fair Debt Collection Practices Act lawsuit waive their ability to collect on the debt in the future? That is the question presented in the latest round of litigation between Plaintiffs-Appellants Brian and Cynthia Bauman and Defendants-Appellees Bank of America, N.A., Hudson City Savings Bank, and Mortgage Electronic Registration Systems, Inc.  The district court answered no.  For the reasons that follow, we agree and affirm.

**I.**

In August 2004, Brian and Cynthia Bauman purchased property located at 1094 Forsythe Lane, Galena, Ohio.  To finance the purchase, the Baumans obtained a loan for $539,250.00 and executed a note in favor of Taylor, Bean & Whitaker Mortgage Corp.  The note was secured by a mortgage on the property that listed Defendant Mortgage Electronic Registration Systems, Inc. (MERS) as the nominee on behalf of Taylor, Bean & Whitaker.  In previous litigation involving the parties, the court found the loan was sold to Hudson City Savings Bank (Hudson) in 2004.  Bank of America's predecessor, BAC, became the servicer of the loan in November 2008.  BAC merged with Bank of America in 2011.

**A.  2010 Foreclosure Action**

In July 2010, BAC brought a foreclosure action against the Baumans in state court.  Under Ohio law, a party who seeks to foreclose on a mortgage must generally prove that "it is the current holder of the note and mortgage."  *BAC Home Loan Servicing, L.P. v. Kolenich*, 958 N.E.2d 194, 200 (Ohio Ct. App. 2011).  At the time of the foreclosure action, Hudson was the holder of the note.  Despite the fact that it was not in possession of the note, BAC falsely represented that it was and, therefore, that it had standing to file the lawsuit.

In 2011, BAC filed a motion for summary judgment in the foreclosure action.  The Baumans filed a memorandum in opposition, arguing that BAC had not shown it was the holder

of the note. The court denied BAC's motion for summary judgment and BAC voluntarily dismissed the case.

## B. FDCPA Lawsuit

Based on Bank of America's false representation that it was the holder of the note and its alleged misrepresentation concerning the availability of a loan modification, the Baumans filed a complaint in federal court against Bank of America and Hudson alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692e(2), 1692e(5), and 1692e(10). The Baumans argued that Hudson should be held liable for all conduct undertaken by Bank of America and its predecessors, because Bank of America was servicing the loan on Hudson's behalf. Bank of America and Hudson filed a motion for summary judgment.

To prevail on a claim under § 1692e, a plaintiff must establish that: (1) it is a "consumer" as defined by the FDCPA, (2) the "debt" arose "out of transactions which are 'primarily for personal, family or household purposes[,]'" (3) the defendant is a "debt collector" as defined by the FDCPA, and (4) the defendant violated the prohibitions set forth in § 1692e. *Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012) (quoting *Whittiker v. Deutsche Bank Nat'l Trust Co.*, 605 F. Supp. 2d 914, 926 (N.D. Ohio 2009)). The district court found that the Baumans did not satisfy the third requirement.

Those "collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person[s]" are excluded from the definition of a "debt collector" under the FDCPA. 15 U.S.C. § 1692a(6)(F)(iii). The district court found that the Baumans were current on their loan from November 2005 to May 2009. It also found that Hudson and Bank of America acquired their interests in the debt prior to the date the Baumans defaulted and, therefore, neither were debt collectors under the FDCPA. Accordingly, the court granted Defendants' motion for summary judgment. The court did note that, "[h]ad [Bank of America] not serviced the debt until after the default, its alleged conduct or misrepresentations could possibly violate the FDCPA. But, because [Bank of America] is not a debt collector as defined by the FDCPA, it is not subject to the FDCPA." *Bauman v. Bank of Am., N.A.*, No. 2:12-cv-933, 2014 WL 1884266, at *7 (S.D. Ohio May 9, 2014).

**C. Current Litigation**

Although Defendants prevailed in the FDCPA action, they did not bring a foreclosure action as a counterclaim. Consequently, the Baumans filed a new complaint requesting a declaration barring Defendants from bringing a future foreclosure action and to quiet title. The district court held that Defendants were not required to bring a foreclosure action as a compulsory counterclaim to the FDCPA action and granted Defendants' motion to dismiss. The court dismissed the Baumans' quiet title claim because it was "entirely dependent on their claim for declaratory relief."[1]

We review de novo the district court's grant of a motion to dismiss. *Newberry v. Silverman*, 789 F.3d 636, 640 (6th Cir. 2015).

**II.**

The Baumans argue that a debt collection (foreclosure) action was a compulsory counterclaim to their FDCPA lawsuit and, therefore, because Defendants did not bring a foreclosure action as a counterclaim, they waived their ability to foreclose in the future. Rule 13(a) of the Federal Rules of Civil Procedure provides:

> A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction.

Fed. R. Civ. P. 13(a)(1). As the foregoing language indicates, "a claim's compulsory status depends on whether (1) the claim arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim; *and* (2) the claim is one that the party 'has' at the time that the party is to file his responsive pleading." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 562 (6th Cir. 1995) (emphasis in original). A "party's failure to plead a compulsory counterclaim forever bars that party from raising the claim in another action." *Sanders v. First Nat'l Bank & Trust Co. in Great Bend*, 936 F.2d 273, 277 (6th Cir. 1991) (citing *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n.1 (1974)).

---

[1]The Baumans do not contest the viability of the quiet title claim finding on appeal.

Thus, to prove that a foreclosure action is a compulsory counterclaim to the FDCPA action, the Baumans must first show that the two claims "arise" out of the same transaction or occurrence. Rather than look to whether the original claim and counterclaim literally arise out of the same transaction or occurrence, we ask, "Is there a logical relationship between the two claims?" *See Maddox v. Ky. Fin. Co.*, 736 F.2d 380, 382 (6th Cir. 1984). "Under this test, we determine whether the issues of law and fact raised by the claims are *largely the same* and whether *substantially the same* evidence would support or refute both claims." *Sanders*, 936 F.2d at 277 (citing *Moore v. New York Cotton Exch.*, 270 U.S. 593 (1926)) (emphasis added). A partial overlap in issues of law and fact does not compel a finding that two claims are logically related. *See Peterson v. United Accounts, Inc.*, 638 F.2d 1134, 1137 (8th Cir. 1981).

This Court has previously held that a counterclaim on the underlying debt in a Truth in Lending Act (TILA) action is permissive rather than compulsory. *See Maddox*, 736 F.2d at 383. In *Maddox*, the plaintiffs' TILA claims alleged that the defendant lender used an improper method to compute refundable interest and failed to adequately disclose the type of security interest it obtained in the plaintiffs' personal property. *Id.* at 381. The lender filed a counterclaim to collect on the underlying debt. *Id.* In finding the counterclaim permissive, we stated:

> While the claim and counterclaim do arise out of the same transaction within the literal terms of Rule 13(a), we do not believe that they are logically related in such a way as to make the counterclaim compulsory. The claim and counterclaim will present entirely different legal, factual, and evidentiary questions. It is not clear that the interests of judicial economy and efficiency would be served in the least by requiring that the two claims be heard together.

*Id.* at 383. We relied on the Fourth Circuit's reasoning in *Whigham v. Beneficial Finance Co. of Fayetteville, Inc.*, 599 F.2d 1322 (4th Cir. 1979), which also held a counterclaim on the underlying debt is not logically related to a TILA claim. That court noted that debt collection and TILA claims raise "significantly different" issues of fact and law, and that the evidence required to prove each claim also differed. *Id.* at 1323-24. In determining that the two claims were not logically related, the court stated:

> The lender's counterclaim alleges simply that the borrower has defaulted on a private loan contract governed by state law. The borrower's federal claim

involves the same loan, but it does not arise from the obligations created by the contractual transaction. Instead, the claim invokes a statutory penalty designed to enforce federal policy against inadequate disclosure by lenders.

*Id.* at 1324.

Although we have not squarely addressed whether a counterclaim to collect the underlying debt is compulsory in a FDCPA action, the framework in *Maddox*, *Whigham*, and *Sanders* is instructive, and supports a finding that Defendants were not required to bring a debt collection action as a counterclaim in the Baumans' FDCPA lawsuit.

*First*, the Baumans' FDCPA claim raises different issues of law from those that a foreclosure action would present. Like the debt-collection action in *Whigham*, a foreclosure action alleges "that the borrower has defaulted on a private loan contract governed by state law." 599 F.2d at 1324; *see also Kolenich*, 958 N.E.2d at 200 (stating that Ohio foreclosure law generally requires a defendant to "establish execution and delivery of the note and mortgage; valid recording of the mortgage; it is the current holder of the note and mortgage; default; and the amount owed"). A FDCPA action, on the other hand, requires interpretation of federal statutory law and regulations designed to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e).

*Second*, while there may be some overlap, the issues of fact presented by the Baumans' FDCPA claims and a foreclosure action are not "largely the same." Tellingly, the district court's FDCPA ruling turned on one key factual issue: whether Defendants acquired their interest in the property before the Baumans defaulted. The district court could have decided the FDCPA action knowing this fact alone. In a foreclosure action, however, whether the Defendants obtained their interest in the debt prior to the date the Baumans defaulted would be irrelevant. A lender must show only that it is the holder of the note and mortgage at the time it seeks to foreclose. *See BAC Home Loans Servicing, LP v. McFerren*, 6 N.E.3d 51, 55 (Ohio Ct. App. 2013).

Further, a foreclosure action requires a lender to prove that the debtor is in default and to prove the amount that the debtor owes. *Kolenich*, 958 N.E.2d at 200. A FDCPA claim, however, does not focus on the validity of the debt, but instead on the "use of unfair methods to collect it." *Peterson*, 638 F.2d at 1136 (holding that a claim on the underlying debt is not a compulsory

counterclaim to a FDCPA action); *see also Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982) ("[A] debtor has standing to complain of violations of the [FDCPA], regardless of whether a valid debt exists."). Indeed, the Baumans' FDCPA claim does not contest their debt obligation, but rather focuses on who attempted to collect the debt and the manner in which they attempted to do so.

*Third*, the same policy reasons that compelled this Court to find that a counterclaim on the underlying debt in a TILA action is permissive support a similar holding here. A contrary finding would prevent many FDCPA defendants who fail to bring foreclosure actions as a counterclaim from later bringing the actions in state court. "Such a rule could systematically usurp these state law debt claims from adjudication by the state courts." *Maddox*, 736 F.2d at 383. Such a rule would also require lenders to initiate foreclosure proceedings as a counterclaim when they otherwise may not have done so, frustrating the purposes of the FDCPA by creating for debtors a disincentive to sue. *See id.* at 383 n.1 ("Lenders do not . . . always accelerate the loan for minor defaults. Yet, if the counterclaim is compulsory, they would be required to do so if sued.").

## III.

Next, the Baumans argue that the district court analyzed their complaint under an "impermissible legal standard." The Baumans first contend that in order to draw all reasonable inferences in their favor, the district court was required to closely analyze "all the issues litigated in the FDCPA action, and not just . . . review . . . the documents attached to the Baumans' complaint." We disagree. In this action, the Baumans attached to their complaint both the district court's opinion and their complaint in the FDCPA matter. These documents provided the district court with an adequate basis to determine that the issues of fact and law presented in the FDCPA action are not "largely the same" as those required to support a foreclosure claim.

The Baumans also argue that if the district court *did* in fact review other documents from the FDCPA action, doing so was also improper, because the court failed to provide the parties with the required notice that it was treating a motion to dismiss as a motion for summary judgment. There is no evidence that the district court's opinion relied on documents outside of the pleadings.

Accordingly, the Court finds that the district court's review of the Complaint and documents attached thereto was not improper.

**IV.**

For the reasons stated, the district court's decision granting Defendants' motion to dismiss is **AFFIRMED**.