NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0046n.06

Case No. 16-3323

**FILED**

Jan 20, 2017

DEBORAH S. HUNT, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| CHRISTINE MARAIS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| JPMORGAN CHASE BANK, N.A., | ) | OHIO |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | OPINION |
| | ) | |

**BEFORE: BOGGS, GILMAN, and DONALD, Circuit Judges.**

**BERNICE BOUIE DONALD, Circuit Judge.** Christine Marais ("Plaintiff") is a homeowner who brought suit against Chase Home Finance, LLC, predecessor by merger to Appellee JPMorgan Chase, N.A. ("Defendant"), as servicer of her mortgage loan. She claimed that Defendant is barred from bringing a foreclosure action against her property because it failed to bring such an action as a Rule 13(a) compulsory counterclaim in her previous RESPA action. Defendant moved to dismiss Plaintiff's complaint and, concluding that Rule 13(a) did not apply, the district court granted that motion. Plaintiff appealed. Because Plaintiff fails to meet her burden, we **AFFIRM** the grant of Defendant's motion to dismiss.

I. Relevant Facts

On April 12, 2011, Plaintiff commenced an action against Defendant, asserting claims for violation of the "Qualified Written Request" ("QWR") provisions of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA"), as well as for violation of the Truth In Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), common-law conversion, and violation of Ohio's Consumer Sales Practices Act, O.R.C. 1345.01 et seq. ("OCSPA"). *Marais v. Chase Home Fin. LLC*, No. 2:11-cv-00314, (the "RESPA Action"), Doc. 1 (the "RESPA Complaint"). In the RESPA Complaint, Plaintiff challenged Defendant's allegedly improper application of payments to Plaintiff's loan account and the amount allegedly due on the mortgage loan.

On May 27, 2011, Defendant filed an answer to the RESPA Complaint. The district court entered a complete dismissal of Plaintiff's claims, granting Defendant's motion for judgment on the pleadings as to the RESPA and TILA claims. This court affirmed the dismissal of the TILA claim, but reversed the dismissal of Plaintiff's RESPA claim, concluding that the account errors she alleged were adequate to survive dismissal of the claim on the issue of actual damages. *Marais v. Chase Home Fin. LLC*, 736 F.3d 711, 721-22 (6th Cir. 2013).

On remand, the parties briefed summary-judgment arguments on the RESPA claim alone. The district court denied Defendant's motion for summary judgment and granted Plaintiff's motion for partial summary judgment, finding that Defendant's response to Plaintiff's QWR failed to meet the requirements of 12 U.S.C. § 2605(e), but leaving open the question of whether Marais had, in fact, suffered any actual damages as a result of the violation. After Plaintiff filed a motion requesting that the district court reconsider its *sua sponte* revival of her common-law conversion and OCSPA claims on remand, the district court dismissed those claims without prejudice pursuant to her request, leaving only the issue of Plaintiff's damages resulting from the RESPA violation. On August 5, 2014, the district court entered an Agreed Judgment in the

amount of $93,493.56, representing all of Plaintiff's alleged damages, plus her attorney fees, terminating the case and reflecting a Fed. R. Civ. P. 68 Offer of Judgment that Defendant made and Plaintiff accepted.

On May 30, 2013, Defendant commenced an action in foreclosure in state court against Plaintiff (the "2013 Foreclosure Action" [*JPMorgan Chase Bank, N.A. v. Marais*, No. 13 CV 006092, Franklin C.P.]), which Defendant voluntarily dismissed in December 2014. On March 9, 2015, Plaintiff commenced the present action against Defendant in the United States District Court for the Southern District of Ohio, alleging claims for: (1) declaratory judgment; (2) quiet title; (3) injunctive relief; (4) breach of contract; (5) breach of good faith and fair dealing; and (6) violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") (the "Complaint"). In the Complaint, Plaintiff asserted that Defendant's failure to bring a foreclosure claim in the RESPA Action bars Defendant from bringing a foreclosure action against Plaintiff in the future. Additionally, Plaintiff alleged that Defendant's failure to bring a Rule 13(a) counterclaim in the RESPA Action also extinguished her mortgage debt and voided the mortgage securing that debt, giving rise to claims for quiet title and violations of the FDCPA.

Defendant filed a motion to dismiss Plaintiff's complaint in its entirety. On March 7, 2016, following briefing, the district court entered a decision and judgment rejecting Plaintiff's Rule 13 compulsory-counterclaim argument and dismissing all of her claims in their entirety with prejudice. Plaintiff now appeals the dismissal of all six claims against Defendant.

## II. Standard of Review

This court reviews "*de novo* a district court's dismissal of a plaintiff's complaint for failure to state a claim under Rule 12(b)(6)." *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006). Although the court must accept, for purposes of its review, all "well-pled factual

allegations as true," it remains the case that "more than bare assertions of legal conclusions" is required. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). "To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Id*. at 527.

### III. Analysis

Since each of Plaintiff's claims is predicated upon the assertion that Defendant possessed and failed to plead a Fed. R. Civ. P. 13(a) compulsory counterclaim of foreclosure against Plaintiff when Defendant answered in the RESPA Action, all of Plaintiff's claims can be dismissed upon a showing that foreclosure is not a Rule 13(a) compulsory counterclaim in a RESPA Action. This court has made it clear that two criteria must be met in order for a claim to qualify as a Rule 13(a) compulsory counterclaim: "[A] claim's compulsory status depends on whether (1) the claim arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim; *and* (2) the claim is one that the party 'has' at the time that the party is to file his responsive pleading." *Bauman v. Bank of Am., N.A.*, 808 F.3d 1097, 1101 (6th Cir. 2015) (quoting *Kane v. Magna Mixer Co.*, 71 F.3d 555, 562 (6th Cir. 1995)).

**A. Defendant did not possess a foreclosure claim against Plaintiff at the time Defendant answered in the RESPA Action.**

Rule 13(a) provides, in relevant part, that "[a] pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." The Rule does not—and could not—require a pleader to state a counterclaim that the pleader does not yet possess. *See, e.g.*, *Davenport v. Richfood*, No. 3:07-CV-595, 2008 U.S. Dist.

LEXIS 51297, at *15 (E.D. Va., June 13, 2008) ("By definition, an after-acquired counterclaim does not exist at the time of serving of the original answer and counterclaim. Therefore, an after-acquired claim is not considered a compulsory counterclaim under Rule 13(a), and failure to introduce it will not bar its assertion in a later lawsuit."). Further, a claim for foreclosure requires that the lender be entitled to enforce both the note and the mortgage. *See Deutsche Bank Nat'l Tr. Co. v. Holden*, 60 N.E.3d 1243, 1250 (Ohio 2016).

Plaintiff did not allege any facts showing that Defendant was entitled to enforce the note and mortgage against her at the time of its answer to the RESPA claim in 2011, nor that she was provided the requisite notice of default and acceleration that is needed to entitle Defendant to bring a claim for foreclosure. Ohio law is clear that requirements of default notice and acceleration in a mortgage are contractual conditions precedent to a claim for foreclosure. *See, e.g.*, *U.S. Bank, N.A. v. Stallman*, No. 102732, 2016 Ohio App. LEXIS 12, ¶ 21 (Ohio Ct. App. Jan. 7, 2016); *Nat'l City Mortg. Co. v. Richards*, 913 N.E.2d 1007, 1013 (Ohio Ct. App. 2009). In fact, Plaintiff expressly denied in her answer to the Foreclosure Complaint that Defendant had complied with the conditions precedent necessary for Defendant to bring a proper foreclosure claim. *See* Marais Answer to Foreclosure Complaint, ¶¶ 7-8 (Aug. 1, 2013). This is significant for two reasons. First, if the debt was never accelerated, then Defendant could have possessed, at most, a claim for recovery of only the few installments outstanding under the note at the time of Defendant's Answer in the RESPA Action, not a claim for foreclosure of the mortgage based on a total breach. Second, since Plaintiff's claims in this action are all predicated on the preclusion of any foreclosure claim that Defendant might have had at the time of its RESPA Answer, no such foreclosure claim could be precluded if Defendant had not satisfied the conditions precedent for such a claim at the time of the pleading. Therefore, Defendant could not have

brought a foreclosure claim against Plaintiff at the time that Defendant answered in the RESPA Action because one did not exist at that time.

### B. A foreclosure action is not "logically related" to a RESPA claim for alleged failure to properly respond to a QWR.

When assessing whether two claims "arise" out of the same transaction or occurrence for purposes of Rule 13(a), this court asks: "Is there a logical relationship between the two claims?" *Bauman*, 808 F.3d at 1101 (quoting *Maddox v. Ky. Fin. Co.*, 736 F.2d 380, 382 (6th Cir. 1984)). "Under this test, [this court] determine[s] whether the issues of law and fact raised by the claims are *largely the same* and whether *substantially the same* evidence would support or refute both claims." *Id.* (quoting *Sanders v. First Nat'l Bank & Tr. Co.*, 936 F.2d 273, 277 (6th Cir. 1991) (citing *Moore v. N.Y. Cotton Exch.*, 270 U.S. 593 (1926))). Importantly, "[a] partial overlap in issues of law and fact does not compel a finding that two claims are logically related." *Id.*

In *Maddox* and *Bauman*, this court resolved with clarity the lack of a "logical relationship" between claims for default under "a private loan contract governed by state law" and claims for violation of the provisions of federal consumer-protection statutes, which "require[ ] interpretation of federal statutory law and regulations designed" to serve unique congressional purposes. *Bauman*, 808 F.3d at 1101-02 (citing *Maddox*, 736 F.3d at 383, *Whigham v. Beneficial Fin. Co. of Fayetteville, Inc.*, 599 F.2d 1322, 1324 (4th Cir. 1979), and *Sanders*, 936 F.2d at 277). To prove a breach of the note and mortgage, Defendant would have to show that Plaintiff defaulted on her payment obligations or otherwise breached the terms of the mortgage, giving rise to a right to accelerate and ultimately foreclose. *Wright-Patt Credit Union v. Byington*, No. E-12-002, 2013 Ohio App. LEXIS 4141, ¶ 10 (Ohio Ct. App. Sept. 13, 2013); *Wachovia Bank of Del., N.A. v. Jackson*, No. 2010-CA-00291, 2011 Ohio App. LEXIS 2698, ¶¶ 40-45 (Ohio Ct. App. June 27, 2011).

But to establish a violation of RESPA, Plaintiff would have to prove that Defendant failed to respond properly to her QWR under 12 U.S.C. § 2605(e). A servicer must respond to a QWR using one of three methods: (1) correcting the account at issue, (2) after conducting an investigation, explaining or clarifying why the account is already correct, or (3) providing information requested in the QWR or explaining or clarifying why the requested information could not be obtained or provided. *Id*. at § 2605(e)(2); *see also Marais v. Chase Home Fin. LLC*, 24 F. Supp. 3d 712, 721 (S.D. Ohio 2014).

Whether Defendant followed these procedures is a very different question from whether Defendant had a right to foreclose. This lack of commonality precludes Defendant's foreclosure claim from being a Rule 13(a) compulsory counterclaim to Plaintiff's RESPA Action because the two actions are not logically related. *Bauman*, 808 F.3d at 1101. The Defendant's foreclosure claim is a contract claim governed by Ohio state law, whereas Plaintiff's RESPA claim required an interpretation of federal statutory law. These claims do not hold a logical relation that would require Defendant to have brought a state foreclosure claim in response to Plaintiff's federal RESPA claim. There is virtually no factual or legal overlap between the elements of QWR claims for violations of RESPA and the elements of foreclosure claims for breach of a note and mortgage. Thus, there is no logical relationship between the foreclosure claim and the RESPA Action. Therefore, the foreclosure claim was not a Rule 13(a) counterclaim in the RESPA Action.

Furthermore, holding that foreclosure is a compulsory counterclaim in RESPA-QWR litigation would be against public policy because it would contravene the consumer-protection purposes of the QWR provisions of RESPA. If foreclosure is a compulsory counterclaim in response to claims brought by borrowers under federal consumer-protection statutes, as Plaintiff

contends, then every act of a consumer to vindicate her rights under those laws could come with the risk of losing her home in the process. In fact, this court recognized this very policy contradiction in *Maddox* with respect to TILA's consumer-protection purposes, and in *Bauman*, with respect to the FDCPA's consumer-protection purposes. *See Maddox*, 736 F.2d at 383; *Bauman*, 808 F.3d at 1102-03. Although a party with the right to foreclose is permitted to do so at its discretion, making such claims compulsory would likely force many consumers to wager their homes in exchange for the opportunity to enforce their statutory rights. *Id*. Those concerns are present here, where the QWR provisions of RESPA give borrowers a means of requesting information or the correction of their accounts at any time during the life of a loan, including by taking proactive steps before facing foreclosure. *See* 12 U.S.C. § 2605(e).

Policy considerations aside, the law of this circuit clearly establishes that foreclosure claims cannot be compulsory counterclaims under Fed. R. Civ. P. 13(a) in RESPA actions. Since all of Plaintiff's claims are predicated on the assumption that Defendant's foreclosure claim was a compulsory counterclaim during the RESPA Action, the district court properly dismissed the entirety of Plaintiff's RESPA Complaint.

### IV. Conclusion

For the foregoing reasons, we **AFFIRM** the district court's grant of Defendant's motion to dismiss.